Nick Webb **LUNDY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–94–00340–CR, 01–94–00341–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 8, 1994.

Robert Pelton, Houston, for appellant.

John B. Holmes, Jr., Linda A. West, Houston, for appellees.

\* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Hous-

Before HUTSON–DUNN, ANDELL and PRICE\*, JJ.

## OPINION

PRICE, Justice (Assigned).

Appellant, Nick Webb Lundy, appeals two convictions, one for driving while intoxicated (DWI) (trial court cause no. 9344656) and the other for unlawful carrying of a weapon (trial court cause no. 9344657). After his motion to suppress was denied, appellant pled not guilty. The trial court found appellant guilty of both offenses. It assessed punishment for the DWI at 180–days confinement, probated for 18 months, with a fine of $300; and it assessed punishment for the unlawful carrying of a weapon at four-days confinement with a $150 fine. In a single point of error, identical in both cases, appellant complains the trial court erred in denying his motion to suppress. We affirm.

### Summary of Facts

On November 3, 1993, at 3:01 a.m., Officer J.D. Brown stopped appellant for driving without lights, running a red light, and failing to maintain a single lane of traffic in the 12000 block of the Northwest Freeway. Brown conducted several field sobriety tests, determined that appellant was intoxicated, and placed him under arrest. A pistol was found when Brown searched appellant's vehicle incident to the arrest.

Officer Brown is a certified peace officer employed by the Metropolitan Transit Authority (Metro). Metro provides transportation services throughout Houston and Harris County, including the 12000 block of the Northwest Freeway. A bus route services this location during the hours of 5:04 a.m. to 8:30 p.m. but not during the time of appellant's arrest.

### Standard of Review

■ A trial court's ruling on a motion to suppress will not be set aside absent a clear abuse of discretion. *Santos v. State*, 822 S.W.2d 338, 339 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd) (citing *Maddox v.*

ton, participating by assignment.

*State,* 682 S.W.2d 563, 564 (Tex.Crim.App. 1985)). To determine whether the trial court abused its discretion, the evidence is viewed in the light most favorable to the ruling. *Id.* Any finding supported by the record will not be disturbed on appeal. *Id.*

## Metro's Authority

Appellant asserts the trial court erred in denying his motion to suppress because the Metro officer did not act within the scope of his statutory authority in detaining, arresting, and searching appellant when Metro buses were not running. He argues that Metro's geographical jurisdiction is also limited by the scheduling of its services.

Metro's authority is created by article 1118x of the Texas Revised Civil Statutes, which provides, in pertinent part:

An authority may employ and commission its own peace officers with power to make arrests in all counties where the system is located when necessary to prevent or abate the commission of an offense against the laws of the state or a political subdivision of the state *when* the offense or threatened offense occurs on or involves *the system of the authority,* to make arrests in cases of an offense involving injury or detriment *to the system,* to enforce all traffic laws and investigate traffic accidents which involve or occur *in the system,* and to provide emergency and public safety services *to the system* or persons who use the system.

TEX.REV.CIV.STAT.ANN. art. 1118x, § 13(c) (Vernon Supp.1994) (emphasis added). Appellant argues that he was detained, arrested, and searched at a time when the "system" was not operating.

When interpreting the intent and meaning of a statute, the court generally focuses its attention on the plain language of the statute in question. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). In addition, the court may consider legislative history. TEX.GOV'T CODE ANN. § 311.023(3) (Vernon 1988). However, when application

of a statute's plain language would lead to absurd consequences that the legislature could not possibly have intended, the language should not be applied literally. *Boykin,* 818 S.W.2d at 785.

For a transit authority with a principal city having a population of more than 1.5 million, like Metro,[1] the plain language of the statute defines "system" as the area where service is provided or is supported by a general sales and use tax. TEX.REV.CIV.STAT. ANN. art. 1118x, § 2(f) (Vernon Supp.1994). Jurisdiction is not explicitly limited in any manner as to time of day. *See id.* art. 1118x. Nor is jurisdiction limited to property owned or controlled by Metro. *See id.; State v. Elliott,* 879 S.W.2d 381, 384 (Tex.App.—Waco 1994, pet. ref'd).

The Texas Attorney General has concluded that, under the statute, Metro officers enjoy concurrent jurisdiction with Houston police officers to investigate traffic incidents.[2] Op. Tex.Att'y Gen. No. DM–9271 (1992). While specifically addressing geographical jurisdiction, the Attorney General has also observed that the statute itself supports a broad view of authority because it requires transit officers to be certified peace officers. Op.Tex. Att'y Gen. No. JM–1238 (1990) (discussing section 13(c)).

Legislative history also supports a broad view of the transit authority's jurisdiction. As originally enacted, article 1118x authorized rapid transit authorities to employ peace officers to enforce its rules and regulations on property owned or controlled by the authority. Act of May 15, 1973, 63rd Leg., R.S., ch. 141, §§ 2(f), 13(d), 1973 Tex.Gen. Laws 302, 303, 314. In 1987, the statute was amended to allow a transit authority to commission, as well as employ, peace officers; and the statute expanded their enforcement jurisdiction to include the laws of any political subdivision of the State. Act of June 1, 1987, 70th Leg., R.S., ch. 350, § 2, 1987 Tex.Gen.Laws 1772, 1773 (renumbering section 13(d) as section 13(c)). In 1989, the legislature expanded the jurisdiction from

1. Appellant stipulated that Metro services an area with a principal city of over 1.5 million people (Houston).

2. Attorney general decisions are entitled to great weight although only advisory. *Hooten v. Enriquez,* 863 S.W.2d 522, 531 n. 14 (Tex.App.— El Paso 1993, no writ).

property owned or controlled by the authority to the entire area serviced or taxed by the authority. Act of May 25, 1989, 71st Leg., R.S., ch. 671, § 2, 1989 Tex.Gen.Laws 2216, 2216–17 (amending sections 2(f) and 13(c) for authorities with principal cities populated with more than 1.5 million).

∎ If a time limit were applied, the officers' area-wide authority would expire whenever all buses stopped running in Metro's service area, assuming they do so at all, a fact that is not apparent from the record before us. Applying appellant's argument in a more narrow fashion, the officers' authority would be limited along a single bus route as soon as buses along that route stopped running for the day. By extension, their authority would be limited by staggered times throughout the service area, ever subject to change as routes changed. To apply a time limit in this manner creates absurd results.

∎ We note that the jurisdiction of other special officers, while occasionally limited in geography, is not limited by time. *See, e.g.,* Tex.Educ.Code Ann. § 51.203 (Vernon Supp. 1994) (campus police); Tex.Parks & Wild. Code Ann. § 11.019 (Vernon 1991) (state park officers); Tex.Local Gov't Code Ann. § 306.040(c) (Vernon 1988) (municipal park officers); Tex.Rev.Civ.Stat.Ann. art. 46g (Vernon Supp.1994) (airport security).

∎ We read statutes in such a way as to secure the benefits the legislature intended to confer by its enactment. *Ward v. State,* 829 S.W.2d 787, 791 (Tex.Crim.App.1992). Thus, we conclude that the legislature intended rapid transit authorities to have broad jurisdiction, without regard to limitations imposed by bus schedules.

### Summary

Pursuant to the plain meaning of the statute and to our construction of Tex.Rev.Civ. Stat.Ann. art. 1118x, §§ 2(f), 13(c) (Vernon Supp.1994), Officer Brown had the authority to detain, arrest, and search appellant. Thus, the trial court did not abuse its discretion in denying appellant's motion to suppress. We overrule appellant's sole point of error in each case on appeal and affirm both judgments of the trial court.