The STATE of Texas, Appellant

v.

Thomas Malcolm NORTON, Appellee.

No. C14–94–00690–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 13, 1995.

Robert G. Turner, Houston, for appellant.

Lester Blizzard, Houston, for appellee.

Before MURPHY, YATES and FOWLER, JJ.

FOWLER, Justice.

This case involves the breadth of a state statute dealing with mass transit systems and the authority given to police officers commissioned for the systems. Appellee, Thomas Malcolm Norton, was arrested and indicted for the offense of driving while intoxicated. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon 1977).[1] He filed a motion to suppress, claiming the arresting officer lacked jurisdiction because he was acting outside the scope of his statutory authority. The trial court granted the motion and the State appeals. Because we find the arresting officer had jurisdiction to make the arrest, we reverse the trial court's ruling.

On February 5, 1994, Officer Buchanan of the Houston Metropolitan Transit Authority (Metro) stopped Norton in the 6000 block of the South Loop East for failing to maintain a single lane of traffic. In Officer Buchanan's opinion, Norton was intoxicated, so the officer transported him to a police station for an intoxilizer test. The parties stipulated that Metro provides service throughout Harris County, the principal city of Harris County is Houston, the population of Houston is more than 1.5 million, the 6000 block of South Loop East is a public roadway within the boundaries where Metro provides service and collects a general sales and use tax, and the 6000 block of South Loop East is located on a bus route where buses ran on February 5, 1994 from 4:23 AM to 11:59 PM.

As part of his pretrial motions, Norton filed a Motion to Suppress Evidence. The basis of the motion was that the statute under which Officer Buchanan was commis-sioned did not give the officer general policing powers throughout the geographical boundaries of the transit authority, but instead limited his authority to maintaining the security of real and personal property of the Mass Transit Authority. The trial court agreed with Norton and granted his motion.

The State brings one point of error in which it claims the trial court erred in granting the motion because the officer was acting within the scope of his statutory authority when he arrested Norton.

The statute which confers jurisdiction on Metro police officers reads in pertinent part:

An authority may employ and commission its own peace officers with power to make arrests in all counties where the system is located when necessary to prevent or abate the commission of an offense against the laws of the state or a political subdivision of the state when the offense or threatened offense occurs on or involves *the system* of the authority, to make arrests in cases of an offense involving injury or detriment to *the system*, to enforce all traffic laws and investigate traffic accidents which involve or occur in *the system*, and to provide emergency and public safety services to *the system* or persons who use *the system*.

TEX.REV.CIV.STAT.ANN. art. 1118x, § 13(c) (Vernon Supp.1994) (emphasis added). "System" is defined as:

[A]ll real and personal property of every kind and nature whatsoever, owned, rented, leased, under the control of or operated or situated on property of, or held at any time by an authority for mass transit purposes, ... and, *for an authority in which the principal city has a population of more than 1.5 million according to the most recent decennial census, the area within the boundaries wherein service is provided or is supported by a general sales and use tax.*

TEX.REV.CIV.STAT.ANN. art. 1118x, § 2(f) (Vernon Supp.1994) (emphasis added).

The State argues that the statute clearly confers jurisdiction on Houston Metro officers to enforce laws anywhere within the

---

**1.** *Repealed by* Acts 1993, 73rd Leg., ch. 900, § 1.15, effective September 1, 1994 (current ver- sion at TEX.PENAL CODE ANN. § 49.04 (Vernon 1994)).

"defined perimeter" of Harris County, the area in which Metro service is supported by a general sales and use tax. Norton counters that the State's interpretation of section 13(c) would cause an absurd result, because then Metro officers could make arrests anywhere in Harris County for crimes not involving the real or personal property of the Mass Transit Authority.

■ In construing a statute, we are to give effect to the plain meaning of the statute, so long as the statute is clear and unambiguous. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991). The exception to this rule is when application of the statute's plain language would lead to absurd consequences that the legislature could not possibly have intended. *Id.*

■ Norton argues that application of the statute's plain language leads to absurd consequences. We cannot agree. Norton was driving on a bus route while intoxicated. If we apply the plain language of the statute to the case before us, we find that Officer Buchanan enforced a traffic law which Norton violated while travelling on a bus route under the control of the transit authority. This seems a very reasonable result to us. Unquestionably, such an action is within the jurisdiction of a Metro peace officer under article 1118x. The broader issue of whether Metro officers have expanded jurisdiction under sections 13(c) and 2(f) also poses no great difficulty for us. Nor has it done so for other courts of this state. Recently, several Texas courts have concluded that the legislature, in enacting the current definition of "system," clearly intended to broaden the jurisdiction of Houston Metro officers to include the authority to enforce the laws of Texas throughout all of the area where Metro provides services or collects taxes[2]. *See Vickio v. State,* 902 S.W.2d 523 (Tex.App.—Houston [1st Dist.] 1994, no pet. h.); *Lundy v. State,* 891 S.W.2d 727, 730 (Tex.App.—Houston [1st

Dist.] 1994, no pet. h.); *State v. Elliott,* 879 S.W.2d 381, 384 (Tex.App.—Waco 1994, pet. ref'd).

In *Vickio,* under similar circumstances, the First Court of Appeals read sections 13(c) and 2(f) in conjunction and concluded that a Houston Metro police officer has the authority to:

(1) make arrests when necessary to prevent or abate the commission of an offense against the laws of the state or a political subdivision of the state when the offense or threatened offense ... involves "the area within the boundaries wherein service is provided or is supported by a general sales and use tax;"

(2) enforce all traffic laws and investigate traffic accidents which involve or occur in "the area within the boundaries wherein service is provided or is supported by a general sales and use tax;"

(3) make arrests in cases of an offense involving injury or detriment to "the area within the boundaries wherein service is provided or is supported by a general sales and use tax;" and

(4) provide emergency and public safety services to the system or persons who use "the area within the boundaries wherein service is provided or is supported by a general sales and use tax."

*Vickio,* 902 S.W.2d at 526; *see also Elliott,* 879 S.W.2d at 384.

Article 1118x unambiguously confers jurisdiction on Metro police officers to enforce laws within the area where Metro collects a general sales and use tax. This is a reasonable grant of power because Metro officers are required to undergo the same training and meet the same standards as other state certified peace officers, and are vested with the same powers, privileges, and immunities as other peace officers in Harris County. § 13(c); *Elliott,* 879 S.W.2d at 385.

---

**2.** The State's brief addresses both "geographical jurisdiction," referring to the territory within which authority is lawfully exercised, and "enforcement jurisdiction," referring to "the power, right or authority to interpret and apply the law," citing *Angel v. State,* 740 S.W.2d 727, 733

(Tex.Crim.App.1987), as authority for this distinction. We are uncertain whether Norton is objecting to both types of jurisdiction or simply the geographical jurisdiction. Consequently, we have addressed both.

We hold that as a police officer on traffic duty within his jurisdiction, Officer Buchanan had the statutory authority to arrest Norton for driving while intoxicated. We therefore reverse the trial court's ruling granting Norton's motion to suppress evidence, and remand the case to the trial court for further proceedings.