**Maura Lee RAYFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–94–01053–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

June 15, 1995.

Rehearing Overruled July 13, 1995.

Discretionary Review Refused Nov. 8, 1995.

**310**

Robert G. Turner, Houston, for appellant.

John B. Holmes, District Attorney of Harris County, Houston, Lester Blizzard, Assistant District Attorney, Harris County, Houston, Fred Wilson, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and TAFT, JJ.

## OPINION

O'CONNOR, Justice.

The appellant, Maura Lee Rayfield, appeals a conviction for driving while intoxicated. The appellant contends the trial court erred in denying her motion to suppress because the Metro Transit Authority (Metro) officer who stopped her did not have any authority to make arrests. We affirm.

### Fact summary

About 3:20 a.m. on October 19, 1993, Metro Officers Sgt. Scott Ashmore and Anthony Gross were investigating a traffic accident when they saw a car crash into the rear of the appellant's car. Officer Ashmore went to the scene of the accident and spoke with the appellant. In the offense report, Officer Ashmore stated that the appellant had a strong odor of alcohol, slurred speech, and bloodshot eyes. The appellant told the officer that she had about four glasses of red wine between 11:30 p.m. and 2:00 a.m. Metro Officer K. Kuhlman, who took over after the initial stop, gave the appellant field sobriety tests and arrested her.[1]

The appellant filed a motion to suppress the evidence, contending that the arresting Metro officer acted outside the scope of his employment. The trial court granted the motion to suppress. The State requested that the trial court reopen the motion to suppress, and the trial court granted it and reversed the decision on suppression. The case then went to trial before the court, and the results of the field sobriety tests, intoxilizer tests, and a video of the appellant were admitted. The appellant stipulated to the following facts:

* Metro provides services throughout Harris County.
* The population of Houston is more than 1.5 million.
* Officer Gross and Sgt. Ashmore are both Metro officers.
* The place of the arrest is a public roadway located within the boundaries of the Metro system and within Metro's taxing authority.

### Authority of Metro officers

In her sole point of error, the appellant contends the trial court erred in denying her motion to suppress evidence.

---

**1.** A Houston police officer conducted the investigation into the automobile wreck and made the accident report, but was not involved in the field sobriety tests or the DWI arrest.

■ On appeal, we will not set aside a trial court's ruling on a motion to suppress unless the trial court abused its discretion. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex.Crim. App.1985); *Santos v. State*, 822 S.W.2d 338, 339 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

■ The appellant's complaint is that her arrest did not occur within or involve the Metro system, and therefore the Metro officer did not have the authority to perform field sobriety tests, administer intoxilizer tests, or video the appellant. The appellant also contends the authority of Metro officers is limited to securing and maintaining safety and efficiency in the operation and maintenance of the transportation system and providing emergency and public safety services to the Metro system or to those who use the Metro system.

The State contends Metro officers have broad authority to enforce the laws of Texas throughout all areas where Metro provides services or collects taxes. The State argues that the authority of Metro officers is not limited to enforcing laws only on property owned or controlled by Metro.

We agree with the State. Metro's authority is created by article 1118x of the Revised Statutes, which provides in pertinent part:

An authority may employ and commission its own peace officers with power to make arrests in all counties where the system is located when necessary to prevent or abate the commission of an offense against the laws of the state or a political subdivision of the state when the offense or threatened offense occurs on or involves the system of the authority, to make arrests in cases of an offense involving injury or detriment to the system, to enforce all traffic laws and investigate traffic accidents which involve or occur in the system, and to provide emergency and public safety services to the system or persons who use the system.

TEX.REV.CIV.STAT.ANN. art. 1118x, § 13(c) (Vernon Supp.1995)

■ The jurisdiction of Metro officers includes the authority to enforce the laws of this state throughout the entire area where Metro provides services or collects taxes;

their authority is not limited to enforcing the laws on property owned or controlled by Metro. *Vickio v. State*, 902 S.W.2d 523 (Tex. App.—Houston [1st Dist.], 1994, no pet.). We have rejected the argument made by the appellant. *Lundy v. State*, 891 S.W.2d 727, 730 (Tex.App.—Houston [1st Dist.], 1994, no pet.). Other courts have rejected the same argument. *See, e.g., Kaufman v. State*, 901 S.W.2d 653, 655 (Tex.App.—El Paso, April 27, 1995, no pet. h.); *State v. Elliott*, 879 S.W.2d 381, 385 (Tex.App.—Waco 1994, pet. ref'd).

The appellant contends that our interpretation of the Metro enabling statute in earlier cases does not allow a natural or logical reading of the explicit statutory language enacted by the legislature. The appellant contends we have misinterpreted the meaning of the term "system." The appellant contends we must define "system" as any property in any way controlled by Metro for mass transit purposes. The appellant argues that otherwise the meaning of the term "system" would be enlarged to give Metro officers the power to enforce zoning violations, investigate illegal gambling, make arrests for cable television piracy, or other violations completely unrelated to mass transportation.

We disagree. Our analysis of the meaning of the term "system" is set out in *Vickio*, 902 S.W.2d at 525–26. In *Vickio*, we held that the 1989 amendments to article 1118x specifically expanded the enforcement jurisdiction of Metro police officers to include "the powers, privileges, and immunities of peace officers." Act of May 28, 1989, 71st Leg., R.S., ch. 671, sec. 2, § 13(d), 1989 Tex.Gen.Laws 2216, 2217. A peace officer is authorized to make arrests for offenses committed within his presence. TEX.CODE CRIM.P.ANN. art. 14.01 (Vernon 1977).

We follow our previous decisions in this area and conclude that the jurisdiction of Metro police officers is not limited to offenses occurring on Metro property. We hold the trial court did not abuse its discretion in denying the appellant's motion to suppress.

We overrule the appellant's sole point of error and affirm the conviction.