**Virgene SCHWENKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–96–379–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 26, 1997.

Nathan A. East, Portland, for appellant.

David Aken, Co. Atty., Sinton, for state.

Before DORSEY, YANEZ and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

Virgene Schwenke, appellant, was removed from his elected office of constable for the sole reason that he failed to obtain certification as a law enforcement officer as required by section 415.053 of the Texas Government Code. He appeals the judgment removing him from office claiming the section is inapplicable to him, but if it is, it is unconstitutional. He also challenges the trial court's failure to submit his proposed question to the jury and exclusion of evidence. We affirm.

Appellant was elected Constable of Precinct 6, San Patricio County, in the general election of November, 1992, taking office January 1, 1993. During the next two years, Schwenke accomplished the training required by the Texas Commission on Law Enforcement Officer Standards and Education (TCLEOSE). However, he did not pass all of the required tests and did not receive a license from the commission. On April 10, 1995, the State filed suit to remove him from office, alleging Schwenke had not obtained a license as a law enforcement officer from TCLEOSE and that such failure rendered him incompetent to hold his elected office. Section 415.053 of the Texas Government

Code is the applicable paragraph the State relies on to remove appellant from office. It provides:

> An officer, including a sheriff, elected under the Texas Constitution or a statute or appointed to fill a vacancy in an elective office must be licensed by the commission not later than two years after the date that the officer takes office. The commission shall establish requirements for licensing and for revocation, suspension, cancellation, or denial of a license of such an officer. *It is incompetency and a ground for removal from office* under Title 100, Revised Statutes, or any other removal statute *if an officer to whom this section applies does not obtain the license by the required date or does not remain licensed.*

Act of June 19, 1993, 73rd Leg., R.S., ch. 985, § 2, sec. 415.053, 1993 Tex. Gen. Laws 4261 (emphasis added).

I. APPLICABILITY OF THE STATUTE TO APPELLANT.

Appellant complains the State based its case against him on a government code provision that does not apply to him. He argues the Legislature did not grant authority to TCLEOSE over the licensing of constables. He claims the statute specifically exempts application of section 415.053 to constitutionally elected officers such as constables. Appellant points to what he describes as a conflict between sections 415.053 and 415.060 as proof of the legislature's intent to exclude constables from the dominion of TCLEOSE.

Constables are constitutional officers elected under the provisions of Article V, section 18 of the Texas Constitution.[1] To remove a constable from office, the constitution provides: "... constables, and other county officers, may be removed by the Judges of the District Courts for *incompetency,* official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury." TEX. CONST. art. V, § 24 (emphasis added).

The State relies on section 415.053 of the government code to provide a statutory definition of incompetence. Schwenke, however, points to the predecessor of the current version of section 415.053, which is chapter 198 of the General and Special Laws of 1989. He claims that Act specifically exempts officers elected under the Texas Constitution, and that the exemption has not been repealed.

That chapter reads in its entirety [2]:

CHAPTER 198

S.B. No. 691

AN ACT

relating to a requirement that certain persons serving in elective offices as peace officers be licensed by the Commission on Law Enforcement Officer Standards and Education.

*Be it enacted by the Legislature of the State of Texas:*

SECTION 1. Section 415.053, Government Code, is amended to read as follows:

Sec. 415.053. LICENSING OF CERTAIN LAW ENFORCEMENT OFFICERS ELECTED UNDER TEXAS CONSTITUTION *OR STATUTE.* An officer elected under the Texas Constitution *or a statute or appointed to fill a vacancy in an elective office* must be licensed by the commission not later than two years after the date that the officer takes office. The commission shall establish requirements for licensing[,] and [procedures] for revocation, *suspension, cancellation, or denial* of a license[,] of such an officer. It is incompetency and a ground for removal from office under Title 100, Revised Statutes, *or any other removal statute* if an officer to whom this section applies does not obtain the license by the required date or does not remain licensed.

SECTION 2. This Act applies to officers, other than an officer elected under the Texas Constitution, who are elected,

1. ... in each such precinct there shall be elected one Justice of the Peace and one Constable, each of whom shall hold his office for four years and until his successor shall be elected and qualified ... TEX. CONST. art. V, § 18(a).

2. Italics indicate additions made by this Act, while a strike through indicates language removed by this Act.

reelected, or appointed on or after the effective date of this Act.

SECTION 3. The importance of this legislation and the crowded condition of the calendars in both houses create an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each house be suspended, and this rule is hereby suspended, and that this Act take effect and be in force from and after its passage, and it is so enacted.

Passed the Senate on April 6, 1989, by the following vote: Yeas 30, Nays 0; passed the House on May 2, 1989, by the following vote: Yeas 137, Nays 0.

Approved May 26, 1989.

Effective May 26, 1989.

Act of May 26, 1989, 71st Leg., R.S., ch. 198, §§ 1–3, 1989 Tex. Gen. Laws 846.

Appellant contends section 2 of the Act expressly exempts officers who are elected under the Texas Constitution, because it states the Act applies "to officers, other than an officer elected under the Texas Constitution." However, such a construction is directly contrary to the express language of the amendment of the government code stated in section 1, where an officer elected or appointed under the Texas Constitution is explicitly required to obtain a license by the commission.

■ We note at the outset that our primary concern when interpreting statutes is to comply with the intent of the legislature that passed them. Our first, best tool in ascertaining this intent is the language of the statute itself. Our quest can be guided, however, by the rules of statutory construction found in common law and as codified in the Texas Government Code chapters 311 and 312. When interpreting the intent and meaning of a statute, the court focuses on, and will follow, the plain language of the statute unless doing so leads to absurd and unintended consequences. *Lundy v. State,* 891 S.W.2d 727, 729 (Tex.App.—Houston [1st Dist.] 1994, no pet.). Words will be given their ordinary meanings unless otherwise defined in the statute. *Dallas County v. Sweitzer,* 881 S.W.2d 757, 763 (Tex.App.—Dallas

1994, writ denied). We must presume the entire statute is intended to be effective, and that a just and reasonable result is intended. *Davis v. Zoning Bd. of Adjustment of La Porte,* 853 S.W.2d 650, 652 (Tex.App.—Houston [14th Dist.] 1993), *rev'd on other grounds,* 865 S.W.2d 941 (1993). We further presume the legislature intended its act to be constitutional. *Lo–Vaca Gathering Co. v. M–K–T R. Co.,* 476 S.W.2d 732, 739 (Tex.Civ.App.—Austin 1972, pet. ref'd n.r.e.). The court may consider legislative history as an indication of legislative intent. *Collins v. Collins,* 904 S.W.2d 792, 797 (Tex.App.—Houston [1st Dist.] 1995), *writ denied per curiam,* 923 S.W.2d 569 (1996).

Appellant's proposed construction, that section 2 provides a specific exemption for constitutionally elected officers, does not withstand analysis. Such a construction is directly contrary to the express language of section 1: "An officer elected under the Texas Constitution...." To explicitly include a class in section 1 and then to exempt it from coverage in the next paragraph is absurd. Appellant's interpretation overlooks that only section 1 amends section 415.053, while sections 2 and 3 of the amendatory act address the effective date of the amendment. We find it significant that section 1 is the only section of Senate Bill 691 addressing itself to section 415.053. Section 1 of the 1989 Act makes minor amendments to the existing law. Specifically, section 1 added officers elected under a statute or appointed to fill a vacancy in an elective office to the extant code provision governing constitutionally elected officers. No change regarding constitutionally elected officers was contemplated by the Act. The 1989 legislation, then, was not directed at changing the regulatory nature of TCLEOSE as related to constitutionally elected officers established by prior legislation. Before enactment of Senate Bill 691, TCLEOSE had been granted all authority necessary to regulate constables.

■ What, then, of section 2? Given that constitutionally elected officers were already governed by section 415.053 and the only changes contemplated by the 1989 amendment were to include statutorily elected officers and appointed officers to the sweep of

TCLEOSE's governance, it is apparent the function of section 2 was to provide an effective date for application of the law to the newly regulated officers. Constitutionally elected officers, not being affected by the amendment, were specifically exempted from the date of its applicability in an attempt to avoid confusion. The legislature exempted statutorily elected officers who took office prior to the effective date of S.B. 691 from the requirement of certification. No such exemption was available to constables because they were already required to certify before passage of the bill. The clear purpose of section 415.053, both before and after the 1989 amendment, is the regulation of Texas law enforcement officers, including constables. CONFLICTING PROVISIONS

Schwenke also points to an apparent conflict between the terms of section 415.053, if read to apply to constitutionally elected officers, and section 415.060(a), the code provision on revocation, probation, and suspension of licenses. Section 415.060(a) states, "The commission may establish procedures for the revocation of any license that it grants under this chapter, except a license of an officer elected under the Texas Constitution." TEX. GOV'T CODE ANN. § 415.060 (Vernon 1994). The Attorney General has issued a written opinion on this point. We find his opinion persuasive and a proper analysis of the law:

> [W]e believe that sections 415.053 and 415.060 can be harmonized; they do not conflict irreconcilably. The 1985 amendments to article 4413(29aa), section 2(a)(18) and (21) indicate that the legislature intended to split the commission's authority to revoke licenses into two sections, one that authorized the commission to revoke the licenses of nonconstitutional law-enforcement officers and one that authorized the commission to revoke the licenses of constitutional law-enforcement officers. First, TCLEOSE was to establish procedures by which it may revoke the license of a nonconstitutional law-enforcement officer. This mandate now is found in section 415.060(a) of the Government Code. Section 415.060(b) articulates the reasons for which the commission may revoke a nonconstitutional officer's license: violation of chapter

415 or of a TCLEOSE rule. (citation omitted)

> Second, TCLEOSE was to articulate requirements for the revocation of a license belonging to a law-enforcement officer elected under the constitution, except a sheriff. This requirement ... no longer excepts sheriffs. Unlike section 415.060, section 415.053 does not articulate reasons for the revocation of a license.... The fact that the legislature expressly excepted from section 415.060 "a license of an officer elected under the Texas Constitution" does not indicate the legislature intended constitutional law-enforcement officers' licenses to be irrevocable; rather, it indicates that the legislature intended such licenses to be revoked pursuant to section 415.053.

> Moreover, to the extent of any conflict between the two provisions, section 415.053, which pertains specifically to the licenses of constitutional law-enforcement officers, prevails over section 415.060, which applies generally to any license that TCLEOSE grants under chapter 415. (citation omitted) We therefore conclude that TCLEOSE is required, pursuant to section 415.053 of the Government Code, to establish requirements for revocation of licenses of law-enforcement officers elected under the constitution, including both a sheriff and a constable. (footnote omitted).

Op. Tex. Att'y Gen. No. DM–323 (1995).

■ We do not find conflict between government code sections 415.053 and 415.060. By their own terms, section 415.060 deals with revocation of licenses granted to nonconstitutional officers while section 415.053 deals with the licensing of all officers and revocation of licenses granted to constitutionally elected officers.

Having construed section 415.053 in accordance with the rules of construction, we find no conflict or ambiguity between the sections of the statute or subsequent acts. Appellant's first point of error is overruled.

II. CONSTITUTIONAL CHALLENGE

Appellant's second point of error challenges the constitutionality of government code section 415.053. A 1995 Attorney General's Opinion addressed this issue squarely:

As a preliminary matter, we will consider the constitutionality of § 415.053. Where the constitution prescribes the qualifications for holding a particular office, the legislature lacks the power to change or add to those qualifications unless the constitution provides that power. *Luna v. Blanton,* 478 S.W.2d 76, 78 (Tex.1972); *Dickson v. Strickland,* [114 Tex. 176] 265 S.W. 1012, 1015–16 (Tex.1924). Article V, section 18(a) of the Texas Constitution provides for the office of constable.... The constitution does not dictate qualifications for holding the office of constable, and the legislature is therefore free to establish such qualifications by statute. *See Luna,* 478 S.W.2d at 78; *Dickson,* 265 S.W. at 1015–16. Moreover, we do not interpret section 415.053 of the Government Code to specify a qualification for office; (footnote omitted) rather, section 415.053 specifies a qualification for remaining in office once an individual has been elected or appointed to the office. (footnote omitted). Accordingly, section 415.053 of the Government Code does not contravene the constitution by adding to or changing the qualifications for holding the office of constable.

Op. Tex. Att'y Gen. No. DM–322 (1995). The *Strickland* rule (cited in *Luna v. Blanton,* but only in dicta) is yet the law in Texas— where the constitution establishes qualifications for an elected office, the legislature is powerless to change those qualifications. *Dickson v. Strickland,* 114 Tex. 176, 265 S.W. 1012, 1015–16 (1924); *Burroughs v. Lyles,* 142 Tex. 704, 181 S.W.2d 570 (1944). The constitution establishes qualifications for certain constitutional offices, but leaves it to the legislature to prescribe qualifications for many other offices. *Oser v. Cullen,* 435 S.W.2d 896, 899 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ dism'd). As the court in *Cullen* explained:

> The Texas Supreme Court pointed out in *Shepherd v. San Jacinto Junior College District,* (citation omitted):
>
> 'A state constitution, unlike the federal constitution, is in no sense a grant of power but operates solely as a limitation of power. 'All power which is not limited by the constitution inheres in the people, and an act of a state legislature is legal when the Constitution contains no prohibition against it.' ... All intendments are against restrictions upon the legislative power and the applicable rule was stated by this Court in *State v. Brownson:*
>
> > "The legislative department of the state government may make any law not prohibited by the constitution of the state or that of the United States. Therefore the rule is that, in order for the courts to hold an act of the legislature unconstitutional, they must be able to point out the specific provision which inhibits the legislation. If the limitation be not express, then it should be clearly implied." (citation omitted).
>
> Since the Constitution does not specifically limit the Legislature in enacting provisions as to eligibility for statutory offices (as opposed to constitutional offices) the Legislature is empowered to do so.

*Cullen,* 435 S.W.2d at 899–900.

■ While we disagree with the Attorney General's opinion to the extent that we find section 415.053 clearly specifies a qualification for holding office, we agree it is not an unconstitutional qualification. As stated in the Attorney General's opinion and noted previously in this opinion, the constitution prescribes no qualifications for the office of constable. Absent constitutional preemption, the legislature was free to act.

PROCEDURAL DUE PROCESS

■ Schwenke complains section 415.053 violates his rights to procedural due process. The requirements of procedural due process apply only to the threatened deprivation of liberty and property interests deserving the protection of the federal and state constitutions. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Therefore, any assessment of proper procedural safeguards necessarily begins with a consideration of whether the particular interest at stake is a protected interest. As noted by the Texas Supreme Court, an officer's interest in his elected position, though not "property" in the conventional sense, is a recognizable interest for purposes of procedural due process analysis. *Tarrant County v. Ashmore,* 635 S.W.2d 417, 422

(Tex.1982); *Paris v. Cabiness,* 44 Tex.Civ. App. 587, 98 S.W. 925, 927 (1906, no writ).

 Having determined Schwenke has an interest deserving due process protection, we must define the amount of process due. At the very least, deprivation of a protected interest requires notice and an opportunity to be heard. The type of notice and hearing required varies according to the facts of the situation. *Bell v. Burson,* 402 U.S. 535, 540, 91 S.Ct. 1586, 1590, 29 L.Ed.2d 90 (1971). The full procedural protections afforded in a criminal trial proceeding are not required every time there is a right to a hearing. *Cafeteria & Restaurant Workers Union v. McElroy,* 367 U.S. 886, 894, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961); *Tarrant County,* 635 S.W.2d at 422.

 In applying these principles to the instant case, we note, "... constables, and other county officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury." TEX. CONST. art. V, § 24. Government code section 415.053 defines failure to attain a license in the prescribed fashion as incompetence. In making this determination, the trial court provided appellant a full trial on the relevant issues. He was represented by counsel, was afforded an opportunity to present evidence and cross-examine witnesses, and his cause was heard before a jury. It is true the only adjudicative fact to be determined under the circumstances was whether Schwenke had complied with the statute.[3] We cannot conclude appellant was wrongfully deprived of due process. Given the circumstances of the case and the issue to be decided, Schwenke received the due process protection to which he was entitled.

DELEGATION OF RULE MAKING POWER

Appellant complains the legislature unconstitutionally delegated rule making authority to the commission by allowing TCLEOSE to promulgate additional qualifications for an elected officer. As previously stated, we do not find section 415.053 to place additional unconstitutional qualifications on the office of constable.

Citing article V, section 24 of the Texas Constitution, Schwenke contends the power of removal of an elected officer rests with the people in a republican form of government. As previously stated, section 24 clearly vests the power of removal of constables in district court judges for, among other reasons, incompetency and "other causes defined by law". Section 24 further requires the fact finding in such cases be accomplished by a jury. This is precisely the procedure afforded Schwenke.

 Appellant further argues the legislature, by vesting in TCLEOSE the power to define the term "incompetence," has wrested from the voters of San Patricio County a right guaranteed them by the constitution. We cannot agree. "When given the power to implement constitutional provisions, the Legislature may define terms which are not defined in the constitution itself, provided its definitions constitute reasonable interpretations of the constitutional language and do not do violence to the plain meaning and intent of the constitutional framers." *Swearingen v. City of Texarkana,* 596 S.W.2d 157, 160 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.); *In re Sheppard,* 815 S.W.2d 917, 920 (Tex.Spec.Ct.Rev.1991); *cf.* 12 TEX. JUR.3d *Constitution* § 15 (1981). Leaving aside a detailed study of the power of the legislature to define terms and delegate power, we note the very constitutional provision Schwenke cites affords the legislature its power to act. Incompetence is merely one of the four grounds for removal from office set out in article V, section 24. Each of these grounds: incompetence, official misconduct, habitual drunkenness, or other causes defined by law, requires interpretation. That interpretation is left to the legislature and the courts. The final ground, "other causes defined by law", clearly calls on legislative action. The right of the people to determine not only who will be elected to office, but also

---

**3.** The single question presented to the jury was: "As of today, April 2nd, 1996, has Virgene Schwenke failed to obtain a license as a law enforcement officer from the Texas Commission on Law Enforcement Officer Standard and Education?"

who can remain in that office has been protected and preserved by constitutionally prescribed procedure. Those very procedures were afforded Schwenke. Appellant's second point of error is overruled.

### III. PROPOSED QUESTION AND INSTRUCTION; INTRODUCTION OF EVIDENCE

Appellant's last three points of error address the trial court's refusal to admit Schwenke's evidence as to his competence in the performance of his duties and rejection of Schwenke's proposed question and instruction to the jury. As these issues all turn on the single question of relevance, we address them together.

 Schwenke's proposed charge question asked, "Do you find, by a preponderance of the evidence, that VIRGENE SCHWENKE, elected Constable of Precinct Six of San Patricio County, Texas, by failing to obtain the TCLEOSE license was incompetent and should be removed from office?" The Texas Rules of Civil Procedure provide: "[t]he court shall submit the questions, instructions and definitions in the form provided by Rule 277, which are raised by the written pleadings and evidence." TEX.R. CIV. P. 278. This rule provides a substantive, non-discretionary directive to trial courts requiring them to submit requested questions to the jury if the pleadings and any evidence support them. *Elbaor v. Smith,* 845 S.W.2d 240, 243 (Tex.1992).

In order to determine whether Schwenke's question should have been presented to the jury, we must determine if the question was raised by the pleadings or the evidence. A review of the record reveals there was no evidence before the court in support of Schwenke's question. In light of the pleadings and the law, the State timely objected to Schwenke's attempts to introduce irrelevant evidence and the court properly sustained each such objection. Appellant's attempt to prove his competence through character testimony was clearly irrelevant to the issue presented, and the record reflects all such evidence was rejected by the court. The jury was asked, "As of today, April 2nd, 1996, has Virgene Schwenke failed to obtain a license as a law enforcement officer from the Texas Commission on Law Enforcement Officer Standard and Education?" The issue in this case was whether Schwenke was incompetent to hold the office of constable as defined by government code section 415.053. The Texas Constitution provides incompetence as a ground for removing a constable from office. The government code provides failure to obtain a license from TCLEOSE in the specified time constitutes incompetence. The controlling question was asked. No additional instructions, definitions, or questions were necessary to resolve the issues presented by the evidence. Likewise, appellant complains the trial court erred in granting the State's motion in limine and in denying Schwenke the right to put on evidence relating to his competence outside that defined in section 415.053. For the reasons stated above, such evidence was irrelevant to the issue raised by the pleadings and was properly rejected. Appellant's third, fourth, and fifth points of error are overruled and the judgment of the trial court is AFFIRMED.