NUMBER 13-99-652-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_________________________________________________________________


MARY LOUISE ALEXANDER , Appellant,


v.


GARRICK GENE ALEXANDER , Appellee.

_________________________________________________________________


On appeal from the 94th District Court

of Nueces County, Texas.

_________________________________________________________________


O P I N I O N

Before Justices Dorsey, Rodriguez, and Castillo

Opinion by Justice Rodriguez


This is an appeal of a divorce case. A jury trial was held on the issue of managing conservatorship of the parties' minor
child. The jury recommended that appellee, Garrick Gene Alexander, be awarded sole managing conservatorship. In the
divorce decree, the trial court appointed appellee sole managing conservator and appellant, Mary Louise Alexander,
possessory conservator. By two issues, appellant complains of the trial court's refusal to grant her trial amendment and its
refusal to submit the related issue of joint managing conservatorship to the jury. We affirm.

By her second issue, appellant contends the trial court erred in overruling her request for leave to amend her pleadings to
include a request for joint managing conservatorship. She asserts that the issue of joint conservatorship was tried by
consent and that the court should have granted her request to amend her pleadings to the proof under Texas Rules of Civil
Procedure 66 and 67. See Tex. R. Civ. P. 66 & 67.

A trial amendment may be filed only with leave of court, and is addressed to the trial court's sound discretion. See Wendell
v. Central Power & Light Co., 677 S.W.2d 610, 617 (Tex. App.--Corpus Christi 1984, writ ref'd n.r.e.). The trial court's
ruling is reversible only for a showing of abuse of that discretion. See id.

Texas Rule of Civil Procedure 67 provides, in relevant part, that when issues not raised by the pleadings are tried by
implied consent, they must be treated in all respects as if they had been raised in the pleadings. See Tex. R. Civ. P. 67. 
"The rule of trial by consent is limited to those exceptional cases where the parties clearly tried an unpleaded issue by
consent." See Libhart v. Copeland, 949 S.W.2d 783, 797 (Tex. App.--Waco 1997, no writ) (citation omitted). The rule
should be applied cautiously and not in doubtful situations. See id. "When evidence relevant to an unpleaded issue as well
as a pleaded issue has been admitted without objection, the doctrine of trial by consent 'should not be applied unless clearly
warranted.'" See id. (quoting Born v. Virginia City Dance Hall & Saloon, 857 S.W.2d 951, 956 (Tex. App.--Houston [14th
Dist.] 1993, writ denied)); Wendell, 677 S.W.2d at 618.

To determine whether an issue was tried by consent, we must examine the record for evidence of trial of the issue, rather
than evidence of the issue. See Libhart, 949 S.W.2d at 797; compare Sage Street Assocs. v. Northdale Constr. Co., 863
S.W.2d 438, 446 (Tex. 1993) (concluding unpleaded issue tried)with Wendell, 677 S.W.2d at 618 (concluding unpleaded
issue not tried). "The doctrine of implied consent applies only where it appears from the record that the issue was actually
tried, although not pleaded." Wendell, 677 S.W.2d at 618 (quoting Watts v. Watts, 563 S.W.2d 314, 316 (Tex. Civ.
App.--Dallas 1978, writ ref'd n.r.e.)).

Appellant contends that the issue of joint managing conservatorship was tried repeatedly by all lawyers in the case. 
Appellant argues that the following trial testimony supports her assertion:

1. Appellee testified the joint managing conservatorship temporary order seemed to work until the order expired;

2. Appellee explained that when the temporary order expired he and appellant disagreed about when appellant should return
their son to appellee. This was eventually resolved by the trial court;

3. Appellee testified he did not think that joint conservatorship should be continued;

4. During appellee's cross-examination by the attorney ad litem, appellee testified that he should be the sole managing
conservator. He also testified why appellant should not be the sole managing conservator or a joint managing conservator;

5. Both appellee and appellant testified that there was a temporary joint managing conservatorship order that was changed
to appellee being sole managing conservator, and then back to joint managing conservatorship; and

6. In response to the question, "And, in any event, you're asking to either be appointed sole managing conservator or else let
me finish this -- or if it's joint that you be appointed primary custodian?" appellant responded "Yes." Appellant then
explained why she thought she was the proper person to be appointed primary conservator.

Upon examining the record before this Court, it does not clearly appear that the parties tried the unpleaded issue. The
record reveals only two brief excerpts of testimony throughout the entire trial where reference was made to the possibility
of joint managing conservators being appointed. All other testimony clearly represents an historical perspective of the child
custody issue as it relates to sole managing conservatorship. Even though the words "joint managing conservatorship" were
used during the trial, both parties testified that they were not in favor of joint managing conservatorship. Each party pled
the issue of sole managing conservatorship. Neither pled joint managing conservatorship.

Further, appellant urges that because there was never an objection, the issue was tried by consent. However, even if the
evidence presented at trial is relevant to an unpleaded cause of action, as long as it is relevant to a pled cause of action,
failure of a nonmoving party to object to the evidence does not constitute trial by consent. See Libhart, 949 S.W.2d at 797;
Wendell, 677 S.W.2d at 618; see also Boyles v. Kerr, 855 S.W.2d 593, 601 (Tex. 1993) (evidence relevant to gross
negligence also relevant to negligent infliction of emotional distress, therefore, nonmoving parties' failure to object to
evidence cannot be construed as trial by consent). In this case, the testimony regarding joint managing conservatorship was
relevant to the issue of sole managing conservatorship, a matter pled by both parties. Therefore, we conclude failure of
appellee to object to the evidence did not constitute trial by consent.

Because the doctrine of trial by consent was not clearly warranted, we conclude the trial court did not abuse its discretion in
refusing to grant appellant's trial amendment. Accordingly, rule 67 has no application in this case.

Appellant contends that the instant appeal is then governed by rule 66. See Wendell, 677 S.W.2d at 618. Texas Rule of
Civil Procedure 66 provides, in relevant part, 

if during the trial, any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the
court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits will be
subserved thereby and the objecting party fails to satisfy the court that the amendment would prejudice him in maintaining
his action or defense on the merits.

Tex. R. Civ. P. 66. "A court may not refuse a trial amendment unless (1) the opposing party presents evidence of surprise
or prejudice, or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face." State Bar
of Texas v. Kilpatrick, 874 S.W.2d 656, 658 (Tex. 1994) (citation omitted). The trial court's ruling on such an amendment
will be reversed only on the showing of a clear abuse of discretion. See id. at 658 (citation omitted); Wendell, 677 S.W.2d
at 618. 

Appellant asserts that because appellee and the attorney ad litem never stated or presented any evidence that would support
a claim of surprise or prejudice by the trial court's allowing the argument, the amendment should have been allowed
pursuant to rule 66. However, in reviewing the action of a trial court in refusing an amendment under rule 66, the burden
of showing an abuse of discretion is on the complaining party, rather than on the opposite party to show surprise. See
Wendell, 677 S.W.2d at 619 (applying standard to rules 63 and 66). "Something more than a request and a refusal must
appear in the record before an appellate court may properly say that a trial court abused its discretion or acted arbitrarily." 
Id. (quoting Palta v. Guzman, 571 S.W.2d 408, 411 (Tex. Civ. App.--Corpus Christi 1978, writ ref'd n.r.e.)).

Applying this test, we first note that appellant requested the trial amendment during the charge conference. The court
entertained brief arguments for and against the request, and then refused the amendment. Absent a showing of facts
attending the presentation of appellant's motion to amend, this Court will presume that the trial court did not abuse its
discretion. See Wendell, 677 S.W.2d at 619 (citing State v. Gilbreth, 511 S.W.2d 556, 560 (Tex. Civ. App.--Austin 1974,
writ ref'd)). Furthermore, the matter sought to be added by trial amendment could have been included much earlier, had
appellant chosen to do so. For these reasons, appellant has failed to show an abuse of discretion.

Accordingly, appellant's second issue is overruled.

 By her first issue, Appellant contends the trial court erred in not submitting the issue on joint custody to the jury. She
reasons that because the trial amendment should have been allowed, the jury charge should have provided for joint
managing conservatorship.

Texas Rule of Civil Procedure 278 provides, in relevant part, that "[t]he court shall submit the questions, instructions and
definitions . . . , which are raised by the written pleadings and the evidence." Tex. R. Civ. P. 278; see Elbaor v. Smith, 845
S.W.2d 240, 243 (Tex. 1992)); Schwenke v. State, 960 S.W.2d 227, 234 (Tex. App.--Corpus Christi 1997, pet. denied). 
Only if no evidence exists to warrant its submission, may a trial court refuse to submit a question. See Elbaor, 845 S.W.2d
at 243; Brown v. Goldstein, 685 S.W.2d 640, 641 (Tex. 1985). The trial court has committed reversible error when there is
some evidence to support a jury question and the trial court does not submit the question. See Elbaor, 845 S.W.2d at 243;
Moore v. Lillebo, 722 S.W.2d 683, 686 (Tex. 1986). We must examine the record for evidence supporting submission of
the question and ignore all evidence to the contrary, when determining whether a trial court should have submitted a
question to the jury. See Elbaor, 845 S.W.2d at 243.

Having found the trial court did not err in refusing appellant's request for a trial amendment on joint managing conservator,
she has no pleading upon which to base a jury submission on that issue. Further, having examined the record for evidence
supporting submission of the question that is set out above and ignoring all evidence to the contrary, we conclude there is
no evidence to support such a submission. Thus, neither of the required prongs of rule 278, a written pleading or evidence,
has been satisfied. (1) Appellant's first issue is overruled.

Accordingly, the judgment of the trial court is affirmed. 



NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 17th day of May, 2001.

1. Appellant briefly asserts a policy argument that a joint managing conservatorship charge should be submitted in most, if
not all, cases tried to a jury. See Tex. Fam. Code Ann. § 105.002 (Vernon Supp. 2001); see also id. at §§ 153.131, 153.133
& 153.134 (Vernon 1996). By not submitting the issue of joint managing conservatorship to the jury, appellant argues that
the legislative presumption that joint managing conservatorship is in the best interest of children is thwarted. Appellant
does not, however, provide this Court with cites to legal authorities. See Tex. R. App. P. 38.1(h). Nor does appellant
provide a substantive analysis of her policy argument. See id. Accordingly, we conclude she has not preserved the policy
issue for our review.