OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 28, 2002

The Honorable David T. Garcia
Brooks County Attorney
117 East Miller Street
Falfurrias, Texas 78355

Opinion No. JC-0522

Re: Whether a constable who has not been issued a permanent peace officer license under chapter 1701 of the Occupations Code is a peace officer for purposes of article 2.12(2) of the Code of Criminal Procedure (RQ-0501-JC)

Dear Mr. Garcia:

You ask whether several constables in your county who have not been issued permanent peace officer licenses from the Texas Commission on Law Enforcement Officer Standards and Education ("TCLEOSE") under chapter 1701 of the Occupations Code are peace officers for purposes of article 2.12(2) of the Code of Criminal Procedure.[1] We conclude that a constable need not have a permanent peace officer license in order to be a peace officer under article 2.12(2).

As background to your request, you explain that three of the four constables in your county failed to obtain peace officer licenses from TCLEOSE within 270 days of being elected to office as required by section 86.0021 of the Local Government Code, which provides:

> (a) A person is not eligible to serve as constable unless the person:
>
> (1) has a high school diploma or a high school equivalency certificate; and
>
> (2) is eligible to be licensed under Sections 1701.309 and 1701.312, Occupations Code.
>
> (b) *On or before the 270th day after the date a constable takes office, the constable shall provide, to the commissioners court of the county in which the constable serves, evidence that the constable has been issued a permanent peace officer license under Chapter 1701,*

---

[1] Letter from Honorable David T. Garcia, Brooks County Attorney, to Honorable John Cornyn, Texas Attorney General (Jan. 16, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

> *Occupations Code.* A constable who fails to provide evidence of
> licensure under this subsection or who fails to maintain a permanent
> license while serving in office forfeits the office and is subject to
> removal in a quo warranto proceeding under Chapter 66, Civil
> Practice and Remedies Code.
>
> (c) The license requirement of Subsection (b) supersedes the
> license requirement of Section 1701.302, Occupations Code.

TEX. LOC. GOV'T CODE ANN. § 86.0021 (Vernon Supp. 2002) (emphasis added); *see also* TEX. OCC. CODE ANN. §§ 1701.301-.316 (Vernon 2002) (TCLEOSE license requirements); TEX. CONST. art. V, § 18(g) ("The Legislature by general law may prescribe the qualifications of constables."); *Schwenke v. State*, 960 S.W.2d 227, 232 (Tex. App.–Corpus Christi 1997, pet. denied) (because the Texas Constitution prescribes no qualifications for the office of constable, the legislature is free to prescribe such qualifications).

Pursuant to subsection (b) of this provision, your office filed a quo warranto proceeding in district court to remove the constables from office. *See* Request Letter, *supra* note 1, at 1. You state that the three constables thereafter resigned from office and the commissioners court appointed the three constables to fill the vacancies in their former offices. *See id.* We assume that the constables were not removed from office by the district court. As a result of their resignation and appointment to office by the commissioners court, each of the three constables now has 270 days from the date of appointment to obtain a peace officer's license. *See id.*; *see also* Tex. Att'y Gen. Op. No. DM-322 (1995) at 4 (concluding that appointed constable who previously resigned from office could take advantage of grace period for obtaining license "even if the appointee previously has served as constable without obtaining from the commission the required license").

You ask whether a constable who has not yet obtained a permanent peace officer license as required by section 86.0021 of the Local Government Code is a peace officer under article 2.12(2) of the Code of Criminal Procedure, which lists the various kinds of law enforcement personnel who qualify as peace officers. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12 (Vernon Supp. 2002). This is important because, under both the Code of Criminal Procedure and the Penal Code, special law enforcement authority, such as the power to make certain arrests or to carry a weapon, is vested in "peace officers" as that term is defined in article 2.12. *See, e.g., id.* arts. 14.01(b) (Vernon 1977); 14.03(a)-(d) (Vernon Supp. 2002) (authority of peace officers to make warrantless arrests); 15.06 (Vernon Supp. 2002) (authority to serve arrest warrants); TEX. PEN. CODE ANN. §§ 1.07(36) (Vernon 1994) (For purposes of the Penal Code, "'[p]eace officer' means a person elected, employed, or appointed as a peace officer under Article 2.12, Code of Criminal Procedure, Section 51.212 or 51.214, Education Code, or other law."); 46.15(a) (Vernon Supp. 2002) ("Sections 46.02 and 46.03 [weapons offenses] do not apply to: (1) *peace officers* and neither section prohibits a peace officer from carrying a weapon in this state, regardless of whether the officer is engaged in the actual discharge of the officer's duties while carrying the weapon.") (emphasis added). We conclude that

a constable who has not obtained a permanent peace officer license under chapter 1701 of the Occupations Code is a peace officer for purposes of article 2.12(2).

A constable who has not obtained a permanent peace officer license under chapter 1701 of the Occupations Code is a peace officer for purposes of article 2.12 because the language in article 2.12(2) regarding licensing under chapter 1701 applies only to reserve deputy constables. The license requirement does not apply to constables and deputy constables. Article 2.12 provides in pertinent part:

> The following are peace officers:
>
> . . . .
>
> (2) constables, deputy constables, and *those* reserve deputy constables *who hold a permanent peace officer license issued under Chapter 1701, Occupations Code.*
>
> . . . .

TEX. CODE CRIM. PROC. ANN. art. 2.12(2) (Vernon Supp. 2002) (emphasis added). The Code Construction Act requires us to construe the "words and phrases" of article 2.12 "in context and . . . according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998). In article 2.12, the limiting word "those" applies only to reserve deputy constables, thus limiting the application of the qualifying phrase "who hold a permanent peace officer license issued under Chapter 1701, Occupations Code" to reserve deputy constables and precluding application of the phrase to constables and deputy constables.

This construction of article 2.12(2) is also supported by its legislative history. *See id.* § 311.023(1)-(3), (5) (in construing statute, court may consider object sought to be attained, circumstances under which statute was enacted, legislative history, and consequences of a particular construction). Prior to the 1999 legislative session, article 2.12(2) listed only constables and deputy constables and included nothing about licensing as a peace officer, *see* Act of May 22, 1997, 75th Leg., R.S., ch. 1423, § 4.01, 1999 Tex. Gen. Laws 5329, 5334 (effective Sept. 1, 1997), even though the law already required that a constable obtain a peace officer license, *see* Act of May 28, 1993, 73d Leg., R.S., ch. 985, § 2, 1993 Tex. Gen. Laws 4261 (amending Government Code, section 415.053 to provide that: "An officer, including a sheriff, elected under the Texas Constitution or a statute or appointed to fill a vacancy in an elective office must be licensed by the commission not later than two years after the date that the officer takes office. . . . It is incompetency and a ground for removal from office under Title 100, Revised Statutes, or any other removal statute if an officer to whom this section applies does not obtain the license by the required date or does not remain licensed.").

In 1999, the legislature enacted House Bill 957, which was intended to include "reserve police officers, reserve deputies and reserve deputy constables as peace officers," to enable them "to

assist on-duty officers in arrests" and "to carry their weapons while off-duty without being subject to prosecution for unlawfully carrying a weapon." SENATE RESEARCH CTR., BILL ANALYSIS, Tex. H.B. 957 (Apr. 15, 1999). With respect to reserve deputy constables, House Bill 957 amended article 2.12(2) as follows: "constables, [and] deputy constables, *and those reserve deputy constables who hold a permanent peace officer license issued under Chapter 415, Government Code* [now Chapter 1701, Occupations Code]." Act of May 5, 1999, 76th Leg., R.S., ch. 90, § 1, 1999 Tex. Gen. Laws 473 (enacting House Bill 957). The bill also added the following language to section 86.012(b) of the Local Government Code, which provides for the appointment of reserve deputy constables:

> The constable may authorize a reserve deputy constable who is a peace officer as described by Article 2.12, Code of Criminal Procedure, to carry a weapon or act as a peace officer at all times, regardless of whether the reserve deputy constable is engaged in the actual discharge of official duties, or may limit the authority of the reserve deputy constable to carry a weapon or act as a peace officer to only those times during which the reserve deputy constable is engaged in the actual discharge of official duties. A reserve deputy constable who is not a peace officer as described by Article 2.12, Code of Criminal Procedure, may act as a peace officer only during the actual discharge of official duties. A reserve deputy constable, regardless of whether the reserve deputy constable is a peace officer as described by Article 2.12, Code of Criminal Procedure, is not:

> (1) eligible for participation in any program provided by the county that is normally considered a financial benefit of full-time employment or for any pension fund created by statute for the benefit of full-time paid peace officers; or

> (2) exempt from Chapter 1702, Occupations Code.

*Id.* § 3, 1999 Tex. Gen. Laws at 475 (codified at TEX. LOC. GOV'T CODE ANN. § 86.012(b) (Vernon 1999)). Clearly, House Bill 957 was intended to address the status of reserve law enforcement officers, such as reserve deputy constables, and was not intended to affect the status of constables. The bill was not intended to require a constable to obtain a peace officer license in order to be a peace officer for purposes of article 2.12(2).

In sum, a constable who has not yet obtained a permanent peace officer license as required by section 86.0021 of the Local Government Code is a peace officer for purposes of article 2.12(2) of the Code of Criminal Procedure. Given this conclusion, we do not reach your remaining questions, which are premised on the conclusion that a constable who has not obtained a permanent peace officer license is not a peace officer under article 2.12(2). We do note, however, that we have located two statutes that apply only to a peace officer who has obtained a peace officer license.

Article 14.03(g) of the Code of Criminal Procedure authorizes only certain types of peace officers, including constables, "who [are] licensed under Chapter 415, Government Code" (now Occupations Code, chapter 1701), to make warrantless arrests outside their jurisdictions. *See* TEX. CODE CRIM. PROC. ANN. art. 14.03(g) (Vernon Supp. 2002). The authority provided by article 14.03(g) applies only to a licensed peace officer and would not apply to an unlicensed constable. Similarly, the concealed-handgun law establishes special application requirements for concealed-handgun licenses for active peace officers: "A person *who is licensed as a peace officer under Chapter 415* [now Occupations Code, chapter 1701] and is employed full-time as a peace officer by a law enforcement agency may apply for a license under this subchapter." TEX. GOV'T CODE ANN. § 411.1991(a) (Vernon Supp. 2002) (emphasis added). A constable who is not licensed under chapter 1701 of the Occupations Code would not be eligible to apply for a concealed-handgun license under that provision.

## S U M M A R Y

A constable who has not yet obtained a permanent peace officer license as required by section 86.0021 of the Local Government Code is a peace officer for purposes of article 2.12(2) of the Code of Criminal Procedure.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee