OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 11, 2002

The Honorable Hector M. Lozano
Frio County Attorney
500 East San Antonio Street, Box 1
Pearsall, Texas 78061-3100

Opinion No. JC-0514

Re: Whether a constable who fails to provide evidence of permanent peace officer licensure under section 86.0021(b) of the Local Government Code automatically forfeits his office, and related questions (RQ-0484-JC)

Dear Mr. Lozano:

Section 86.0021(b) of the Local Government Code mandates that a constable who fails to provide evidence of permanent peace officer licensure on or before the 270th day after taking office "forfeits the office and is subject to removal in a quo warranto proceeding." TEX. LOC. GOV'T CODE ANN. § 86.0021(b) (Vernon Supp. 2002). You ask us to address a series of questions regarding the application of this provision.[1]

Your questions arise from the following situation. A constable in your county has not complied with section 86.0021(b). *See* Request Letter, *supra* note 1, at 1. The individual was elected in November 2000, and sworn in as a constable on January 1, 2001. *See id.* The constable has failed to provide evidence that he has been issued a permanent peace officer license by the Commission on Law Enforcement Officer Standards and Education; he has only a "Conditional Reserve License," issued July 6, 2001. *See id.* You believe that the constable was required to provide the commissioners court by September 28, 2001 (270 days from January 1, 2001) evidence that he had been issued a permanent peace officer license under chapter 1701 of the Occupations Code, and that his failure to do so constitutes a forfeiture of his office. *See id.* The Frio County Commissioners Court, however, has not taken any action with respect to the constable's status. One or more of the commissioners believe that "the Commissioners Court [has] nothing to do with the licensure matter." *Id.*

To provide a legal context for your questions, we review the relevant provisions with respect to the removal of constables. Constables are constitutional officers elected under article V, section 18 of the Texas Constitution. *See* TEX. CONST. art. V, §18. Their removal is subject to article V, section 24, which provides that "constables, and other county officers, may be removed by the

---

[1]*See* Letter from Honorable Hector M. Lozano, Frio County Attorney, to Honorable John Cornyn, Texas Attorney General (Dec. 27, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the causes therefor being set forth in writing and the finding of its truth by a jury." TEX. CONST. art. V, §24; *Schwenke v. State*, 960 S.W.2d 227, 228 (Tex. App.–Corpus Christi 1997, pet. denied).

Section 86.0021 of the Local Government Code provides for the removal of a constable for failure to obtain a permanent peace officer's license:

> (b) On or before the 270th day after the date a constable takes office, the constable shall provide, to the commissioners court of the county in which the constable serves, *evidence that the constable has been issued a permanent peace officer license under Chapter 1701, Occupations Code. A constable who fails to provide evidence of licensure under this subsection or who fails to maintain a permanent license while serving in office forfeits the office and is subject to removal in a quo warranto proceeding under Chapter 66, Civil Practice and Remedies Code.*

> (c) The license requirement of Subsection (b) supersedes the license requirement of Section 1701.302, Occupations Code.

TEX. LOC. GOV'T CODE ANN. § 86.0021(b)-(c) (Vernon Supp. 2002) (emphasis added).

Chapter 1701 of the Occupations Code generally requires peace officers, including a constable, to be licensed by the Commission on Law Enforcement Officer Standards and Education (the "Commission"). Section 1701.301 provides that, with limited exceptions not relevant here,[2] a person may not be appointed as "an officer, county jailer, or public security officer unless the person appointed holds an appropriate license issued by" the Commission. *See* TEX. OCC. CODE ANN. §1701.301 (Vernon 2002). More specifically, section 1701.302 of the Occupations Code requires an officer elected under the Texas Constitution or a statute or appointed to fill a vacancy in an elected office to obtain a license by the second anniversary of the date the officer takes office; and provides that an officer who does not obtain a license by this date or does not remain licensed is subject to removal under section 665.052 of the Government Code or another removal statute. *See id.* § 1701.302(a), (c). Significantly, under section 1701.302, an elected officer must obtain a "license" within two years of taking office rather than the 270 days provided for under section 86.0021(b) of the Local Government Code. The licensing requirements in section 1701.302, however, do not apply to a constable because they are expressly superseded by those in 86.0021(b) of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 86.0021(c).

---

[2]*See also id.* §§ 1701.310 (person trained and certified by Texas Department of Criminal Justice to serve as correction officer not required to complete training to be appointed part-time county jailer); .311 (authorizing Commission to allow law enforcement agency to petition for provisional license for agency officer in case of workforce shortage); .314 (officer appointed before September 1, 1970 not required to obtain license unless seeking new appointment).

"Officer" for the purposes of chapter 1701 is "a peace officer or reserve law enforcement officer," *see* TEX. OCC. CODE ANN. § 1701.001(3) (Vernon 2002), and "peace officer" is "a person elected, employed, or appointed as a peace officer under Article 2.12, Code of Criminal Procedure, or other law." *Id.* § 1701.001(4). Under article 2.12 of the Code of Criminal Procedure, "constables, deputy constables, and those reserve deputy constables who hold a permanent peace officer license issued under Chapter 1701, Occupations Code," among others, are "peace officers." TEX. CODE CRIM. PROC. ANN. art. 2.12(2) (Vernon Supp. 2002).

With this background, we turn to your first, second, third, and fifth questions. You ask:

- Whether a Constable who fails to provide evidence of licensure under Section 86.0021(b) Local Government Code, automatically forfeits his office?

- Whether a Constable who fails to provide evidence of licensure under Section 86.0021(b) may continue to perform his duties as a Constable until a removal in a quo warranto proceeding under Chapter 66 Civil Practice and Remedies Code. If so, who authorizes and/or initiates a Quo Warranto proceeding?

- If an apparent conflict of interest exist between the County Attorney and Constable based on prior attorney-client representations, who may petition the District Court to file an information in the nature of quo warranto?

- What role does the Commissioners Court play in a Constable's failure to meet the licensure requirements under Section 86.0021(b) Local Government Code?

Request Letter, *supra* note 1, at 2.

Because they overlap to a great degree, we consider the first three questions together and conclude as follows: Under section 86.0021(b), a constable who fails to provide evidence of permanent licensure "automatically" forfeits his office by operation of law. However, he is not automatically removed from that office. The constable may continue to perform his duties until he is removed from office by a judgement of a district court in a quo warranto proceeding, which may be initiated by the attorney general, the district attorney, or the county attorney. The attorney general or the district attorney may petition the district court for leave to file an information in the nature of a quo warranto proceeding if the county attorney is precluded from doing so because of a conflict of interest.

Section 86.0021(b) expressly states that a constable who fails to provide evidence of permanent licensure "forfeits the office and is subject to removal in a quo warranto proceeding under

Chapter 66, Civil Practice and Remedies Code." TEX. LOC. GOV'T CODE § 86.0021 (Vernon Supp. 2002). "Quo warranto suits are those through which the state acts to protect itself and the good of the public generally. [It] is an ancient prerogative writ in the nature of a writ of right for the king against one who claims an office, franchise, or liberty. Quo warranto suits inquire by what authority the claimant supports his claim." *Hunt v. City of Longview*, 932 F. Supp. 828, 834 (E.D. Tex. 1995) (citations omitted) (citing *Fuller Springs v. State ex. rel. City of Lufkin*, 513 S.W.2d 17 (Tex. 1974); *State ex rel. City of Colleyville v. City of Hurst*, 519 S.W.2d 698 (Tex. Civ. App.–Fort Worth 1975, writ ref'd n.r.e.)). Quo warranto is generally the exclusive procedure to declare that an elected official is no longer qualified to occupy his or her elected office. *See id.* (and cases cited).

Chapter 66 of the Civil Practice and Remedies Code provides that an action in the nature of a quo warranto is available when "a public officer does an act or allows an act that by law causes a forfeiture of his office." TEX. CIV. PRAC. & REM. CODE ANN. § 66.001(2) (Vernon 1997). Section 66.002 sets out the procedure for initiating such a suit:

> (a) If grounds for the remedy exist, the attorney general or the county or district attorney of the proper county may petition the district court of the proper county or a district judge if the court is in vacation for leave to file an information in the nature of quo warranto.

> (b) The petition must state that the information is sought in the name of the State of Texas.

> (c) The attorney general or county or district attorney may file the petition on his own motion or at the request of an individual relator.

> (d) If there is probable ground for the proceeding, the judge shall grant leave to file the information, order the information to be filed, and order process to be issued.

*Id.* § 66.002.

Under section 66.002, the quo warranto proceeding may be instituted by the attorney general or the county or district attorney by petitioning "for leave to file an information in the nature of quo warranto." *See id.; see also* BLACK'S LAW DICTIONARY 783 (7th ed. 1999) ("**'information.'** A formal criminal charge made by a prosecutor without a grand-jury indictment. . . . *Cf.* INDICTMENT."). The attorney general or the county or district attorney may initiate the proceedings on his or her own motion or at the behest of an "individual relator." TEX. CIV. PRAC. & REM. CODE ANN. § 66.002(c) (Vernon 1997); *see also* BLACK'S LAW DICTIONARY 1292 (7th ed. 1999) ("**'relator.'1.** The real party in interest in whose name a state or an attorney general brings a lawsuit."). *But see Fuller Springs*, 513 S.W.2d at 19 ("The State is the real prosecutor of such a [quo warranto] suit."); *City of Hurst*, 519 S.W.2d at 700 ("The State is the real plaintiff and controls the litigation even though the action may be at the behest of and affect the rights of private parties."). Whether to petition a court for leave to file an information in the nature of a quo warranto is within the sole discretion of the

attorney general or the district or county attorney. *See Marshall v. City of Lubbock*, 520 S.W.2d 553 (Tex. Civ. App.–Amarillo 1975, writ ref'd n.r.e.); *see also Lewis v. Drake*, 641 S.W.2d 392, 395 (Tex. App.–Dallas 1982, no writ) (public officers should be free to perform their duties without having their authority questioned; they "should not be called on to defend their authority unless a proper legal officer of the State has determined that the question raised is serious and deserves judicial consideration as required by article 6253 [predecessor to § 66.002].").

Additionally, section 66.003 provides that if the person charged by the information is found guilty, the court "shall enter a judgment removing the person from office or franchise; shall enter judgment for the costs of prosecution in favor of the relator; and may fine the person for usurping, intruding into, or unlawfully holding and executing the office or franchise." TEX. CIV. PRAC. & REM. CODE § 66.003 (Vernon 1997). Thus, until removed from office by such a judgment, a constable who has "forfeited" his office under section 86.0021(b) remains in that office and, it follows, may continue to perform the duties of that office. *See id.*; *see also* Tex. Att'y Gen. Op. No. DM-493 (1998) at 4 ("A director subject to constitutional removal requirements has the right to remain in office until formally removed."); LO-97-070, at 4 ("Until that time [when court issues quo warranto order], a commissioner who is ineligible to serve is a de facto officer who holds the office under color of appointment.").

With respect to your question regarding a commissioners court's role in a constable's failure to meet the licensure requirements under section 86.0021(b) Local Government Code, we conclude that the commissioners court has no formal "role." It may, but is not required to, request the attorney general or the district or county attorney to initiate the quo warranto proceeding to remove the constable. Section 86.0021(b) does not expressly require the commissioners court to take any action. *See* TEX. LOC. GOV'T CODE § 86.0021(b) (Vernon Supp. 2002). By its terms, the statute only speaks to the constable's obligation to provide the commissioners court with the evidence of permanent licensure. *See id.* And we are unaware of any other provision that speaks to the commissioners court's "role" in this situation or mandates that it take some action.

Clearly, the commissioners court cannot initiate the quo warranto proceedings to remove the constable. TEX. CIV. PRAC. & REM. CODE ANN. § 66.002(a),(b) (Vernon 1997); *see also Hunt*, 932 F. Supp. at 834 (city council may not initiate quo warranto proceedings; only attorney general or district attorney may). Moreover, we do not believe that the commissioners court, a governmental body, may formally designate itself as a "relator" under the express terms of section 66.002(c) of the Civil Practice and Remedies Code for the purposes of instituting a quo warranto proceeding, given that it is not an "individual." *See id.* § 66.002(c) ("The attorney general or county or district attorney may file the petition on his own motion *or at the request of an individual relator*."). *But see Harang v. State ex rel. City of West Columbia*, 466 S.W.2d 8, 13 (Tex. Civ. App.–Houston [14th Dist.] 1971, no writ) ("The cities are municipal corporate entities and, as such, are individuals within the meaning of Art. 6253 [predecessor to § 66.002]."). We do not believe, however, that this has significant consequence given that the attorney general or the district or county attorney may institute a quo warranto proceedings on his or her own motion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 66.002(c) (Vernon 1997).

You additionally ask:

- Whether a Constable who has been issued a Conditional Reserve Officer License only, satisfies the licensure requirement under Chapter 415, Government Code? Does the Conditional Reserve License authorize the Constable to carry a weapon [?]

- Whether said constable, who fails to meet the licensure requirements of 86.0021(b), Local Government Code, is subject to prosecution under Section 37.11 of the Texas Penal Code for Impersonating a Public Servant?

Request Letter, *supra* note 1, at 2.

A "conditional reserve license" does not satisfy the requirements of section 86.0021(b) of the Local Government Code. While you ask whether a conditional reserve license satisfies the requirements of chapter 415 of the Government Code, we presume you are concerned with the requirements of section 86.0021(b) of the Local Government Code. Section 86.0021(b) clearly provides that a constable must provide "evidence that the constable has been issued a *permanent peace officer license* under Chapter 1701, Occupations Code." TEX. LOC. GOV'T CODE ANN. § 86.0021(b) (emphasis added).

Your additional question whether the conditional reserve license authorizes a constable to carry a gun, presumes that a constable's authority to carry a gun is derived from the license issued by the Commission under chapter 1701 of the Occupations Code, whether it be a conditional or permanent license. That presumption is incorrect. A constable is authorized to carry a gun because he or she is a "peace officer" under section 1.07(36) of the Penal Code and article 2.12(2) of the Code of Criminal Procedure. Section 46.02 of the Penal Code makes it an offense to carry, among other weapons, a handgun. *See* TEX. PENAL CODE ANN. § 46.02(a) (Vernon Supp. 2002). Additionally, section 46.03 of the Penal Code generally makes it an offense to carry a firearm in certain public places. *See id.* § 46.03. However, section 46.15 of the Penal Code provides that sections 46.02 and 46.03 do not apply to "peace officers and neither section prohibits a peace officer from carrying a weapon in this state, regardless of whether the officer is engaged in the actual discharge of the officer's duties while carrying the weapon[.]" *Id.* § 46.15(a)(1). Under the Penal Code, a "peace officer" is "a person elected, employed, or appointed as a peace officer under Article 2.12, Code of Criminal Procedure, Section 51.212 or 51.214, Education Code, or other law." *See id.* § 1.07(36) (Vernon 1994). As previously indicated, under article 2.12 of the Code of Criminal Procedure, "constables, deputy constables, and *those reserve deputy constables who hold a permanent peace officer license* issued under Chapter 1701, Occupations Code" are, among others, "peace officers." TEX. CODE CRIM. PROC. ANN. art. 2.12(2) (emphasis added); *see also* Tex. Att'y Gen. Op. No. JM-1050 (1989) (statutory definition of "peace officer" rather than pre-1973 case law governs meaning of term). A constable's status as a "peace officer" under this definition, in contrast to reserve deputy constables, is not dependent on holding a permanent peace officer's license issued under chapter 1701 of the Occupations Code. *See id.*; *Spradlin v. Jim Walter Homes, Inc.*, 34

S.W.3d 578, 580 (Tex. 2000) (while neither controlling nor inflexible, under doctrine of last antecedent, qualifying phrases in statutes or the Constitution must be confined to the words and phrases immediately preceding it); *see also* Tex. Att'y Gen. Op. No. DM-322 (1995) at 4 (Once an individual assumes the office of a constable, "he is a legitimate peace officer, and as such, he is excepted from the scope of section 46.02 of the Penal Code.").

Finally, we conclude in the negative in response to your question whether a constable who fails to provide evidence of permanent licensure is subject to prosecution under section 37.11 of the Penal Code for impersonating a public servant. Section 37.11 of the Penal Code provides that it is an offense to impersonate a public servant with the intent to induce another to rely on his or her pretended official acts. *See* TEX. PEN. CODE ANN. § 37.11(a)(1) (Vernon Supp. 2002). Again, a constable's status as a "peace officer" under the Penal Code is not dependent on holding a permanent peace officer's license. *See id.* § 1.07(36) (Vernon 1994); TEX. CODE CRIM. PROC. ANN. art. 2.12(2); *see also* Tex. Att'y Gen. Op. No. DM-322 (1995) at 3 (Once an individual assumes the office of constable, "he is a legitimate peace officer. Thus, he would not be subject to prosecution under section 37.11 of the Penal Code.").

## S U M M A R Y

Under section 86.0021(b) of the Local Government Code, a constable who fails to provide evidence that he has been issued a permanent peace officer's license on or before the 270th day after taking office "forfeits the office." However, he is not automatically removed from that office. Such a constable may continue to perform his duties until he is removed from office by a judgement of a district court in a quo warranto proceeding, which may be initiated by the attorney general, the district attorney, or the county attorney. A commissioners court has no formal role in a constable's failure to meet the licensure requirements under section 86.0021(b). It may, but is not required to, request the attorney general or the district or county attorney to initiate the quo warranto proceeding to remove the constable. A "conditional reserve license" does not satisfy the requirements of section 86.0021(b) of the Local Government Code.

A constable's authority to carry a gun is not derived from the permanent peace officer's license issued under chapter 1701 of the Occupations Code. A constable is authorized to carry a gun because he is a "peace officer" under section 1.07(36) of the Penal Code and article 2.12(2) of the Code of Criminal Procedure. A constable who fails to provide evidence of permanent peace officer licensure is not subject to prosecution under section 37.11 of the Penal Code for impersonating a public servant.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee