Johnny RODRIGUEZ, Appellant,

v.

TEXAS WORKFORCE COMMISSION,
f/k/a Texas Employment Commission,
Appellee.

No. 13–97–334–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 11, 1999.

Gail D. C., Dorn, William H. Berry, Jr., Corpus Christi, for appellant.

Walter Scott Dean, Robert J. West, Asst. Attys. Gen., Austin for appellee.

Before Justices HINOJOSA, YAÑEZ and RODRIGUEZ.

## OPINION

HINOJOSA, Justice.

Appellant, Johnny Rodriguez, sued appellee, the Texas Workforce Commission, f/k/a the Texas Employment Commission, for judicial review of the Commission's decision denying him unemployment benefits. After a bench trial, the trial court affirmed the Commission's decision. Rodriguez raises five issues challenging the trial court's judgment. We affirm in part and reverse and render in part.

Rodriguez, an employee of the City of Portland, Texas, was injured on June 24, 1991, while working. After briefly receiving worker's compensation benefits, Rodriguez returned to his employment. On February 10, 1992, Rodriguez was re-injured, but continued to perform light duty work for the City. On February 17, 1992, the City informed Rodriguez that no more light duty jobs were available, and he resumed receiving worker's compensation benefits. Rodriguez's position was eliminated on September 30, 1992, and his employment was terminated. Rodriguez filed his initial claim for unemployment benefits on February 20, 1994. He received worker's compensation benefits until March 5, 1994.

Finding that Rodriguez had not complied with the requisites of section 201.011 of the Texas Labor Code, the Commission denied his claim for unemployment benefits. This decision was affirmed throughout the administrative appeal process, including the trial court.

By his first issue, Rodriguez contends the Commission's decision denying him unemployment benefits should have been reversed because sections 201.011 and 207.049 of the labor code are in conflict. Rodriguez asserts that if he had applied for unemployment benefits at the time he was terminated, he would have been disqualified by section 207.049, because he was receiving worker's

compensation benefits. Rodriguez contends that such disqualification prevented him from applying for benefits within twenty-four months of the date of his injury.

Section 201.011 states, in relevant part, as follows:

### § 201.011. General Definitions.

In this subtitle:

(1) "Base period" means:

(A) the four consecutive completed calendar quarters, prescribed by the commission, in the five consecutive completed calendar quarters preceding the first day of an individual's benefit year; or

(B) for an individual precluded because of a medically verifiable injury or illness from working during a major part of a calendar quarter of the period that would otherwise be the individual's base period under Paragraph (A), the first four calendar quarters of the five consecutive quarters preceding the calendar quarter in which the illness began or the injury occurred if the individual files an initial claim for benefits not later that 24 months after the date on which the individual's injury or illness began or occurred.

(5) "Benefit year" means the 52 consecutive calendar weeks beginning with the week for which an individual files a valid initial claim for benefits.

(23) "Valid claim" means a claim filed by an unemployed individual who has received the wages necessary to qualify for benefits.

Tex. Lab.Code Ann. § 201.011(1)(A) & (B), (5), (23) (Vernon 1996). Section 207.049 provides that an individual is disqualified from receiving unemployment benefits during a period when he is receiving worker's compensation benefits. Tex. Lab.Code Ann. § 207.049(2) (Vernon 1996).

 Our ultimate purpose in construing statutes must be to give effect to the legislature's intent. *Texas Water Comm'n v. Brushy Creek Mun. Utility Dist.*, 917 S.W.2d 19, 21 (Tex.1996); *Union Bankers Ins. Co. v.*

*Shelton*, 889 S.W.2d 278, 280 (Tex.1994). Where possible, courts are to construe language used in statutes so as to harmonize all relevant laws, not create conflict. *Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 495 (Tex.1993); *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex.1984). We resort to rules of construction only when the statute in question is ambiguous. *Brushy Creek Mun. Utility Dist.*, 917 S.W.2d at 21; *Ex parte Roloff*, 510 S.W.2d 913, 915 (Tex.1974).

A plain reading of the statutes in question indicates that in order to receive benefits, Rodriguez had to establish a base period for calculation of his entitlement. *See* Tex. Lab. Code Ann. § 207.002 (Vernon 1996). Section 201.011(1) provides the only two acceptable methods for determining a base period. Because Rodriguez did not work during the five quarters preceding his benefit year, which began on February 20, 1994, *see* § 201.011(1)(A), he had to establish a base period under section 201.011(1)(B). Accordingly, Rodriguez had to file a claim no later than twenty-four months from the date of a medically verifiable injury in order to rely on the five quarters preceding the calendar quarter in which the injury occurred. *See* § 201.011(1)(B). Assuming February 10, 1992, is the correct date of his medically verifiable injury, Rodriguez had to file his claim on or before February 10, 1994. This he failed to do.

Rodriguez contends his disqualification by section 207.049 prevented him from timely filing his claim. We disagree. Section 201.011 required Rodriguez to *file* his claim within twenty-four months of the date of his injury, not *file and qualify*. Section 207.049 provides a statutory disqualification; it does not address filing a claim.

Rodriguez testified he was told in a telephone conversation with someone at the Commission that he would not qualify for unemployment benefits because of his worker's compensation benefits. However, he did not testify, and the record does not reflect, that he could not file a claim in order to establish a base period while he was disqualified. In fact, Rodriguez filed his claim on

February 20, 1994, while he was still receiving worker's compensation benefits. He does not explain why filing on February 20, 1994 was proper, but filing before February 10, 1994 was not. We conclude sections 201.011(1)(B) and 207.049 do not conflict. We overrule appellant's first issue.

█ In his second issue, Rodriguez contends the Commission's decision should be reversed because he is entitled to extended benefits under section 209.003(a). We find this issue to be without merit.

The extended benefits provided by Chapter 209 of the labor code apply only if the state's rate of insured unemployment for thirteen weeks is five percent or more and equaled or exceeded 120 percent of the average of the rates for the corresponding thirteen-week period ending in each of the preceding two calendar years. *See* TEX. LAB. CODE ANN. §§ 209.021, 209.022(a) (Vernon 1996). We find no evidence in the record showing that these provisions were applicable in Texas at the time Rodriguez filed his claim. Also, this issue was not raised before the trial court and is not properly preserved for review. Appellant's second issue is overruled.

█ In his third issue, Rodriguez questions the constitutionality of sections 201.011(1)(B) and 207.049. In particular, Rodriguez asserts that as applied to him, these statutes violate article I, sections 3 and 19 of the Texas Constitution. Rodriguez arguably asserted a vague constitutional claim in a document entitled "Plaintiff's Special Exceptions to TEC and City of Portland Answer,"[1] and the trial court stated it would allow evidence and argument on the issue. Rodriguez did not, however, address violations of his equal rights, *see* TEX. CONST. art.

I, § 3, or property rights. *See* TEX. CONST. art. I, § 19. Those issues are raised for the first time on appeal and are not preserved for our review. *Dreyer v. Greene,* 871 S.W.2d 697, 698 (Tex.1993); *Wood v. Wood,* 159 Tex. 350, 320 S.W.2d 807, 813 (1959).

█ Rodriguez argued to the trial court that "injury," as used in section 201.011(1)(B), is vague and could mean a physical injury or an injury that gives rise to unemployment benefits. When interpreting the intent and meaning of a statute, the courts focus on, and will follow, the plain language of the statute unless doing so leads to absurd and unintended consequences. *Schwenke v. State,* 960 S.W.2d 227, 230 (Tex. App.—Corpus Christi 1997, writ denied); *Lundy v. State,* 891 S.W.2d 727, 729 (Tex. App.—Houston [1st Dist.] 1994, no pet.). Words will be given their ordinary meanings unless otherwise defined in the statute. *Schwenke,* 960 S.W.2d at 230; *Dallas County v. Sweitzer,* 881 S.W.2d 757, 763 (Tex.App.—Dallas 1994, writ denied). We must presume the entire statute is intended to be effective, and that a just and reasonable result is intended. *Schwenke,* 960 S.W.2d at 230; *Davis v. Zoning Bd. of Adjustment of La Porte,* 853 S.W.2d 650, 652 (Tex.App.—Houston [14th Dist.] 1993), *rev'd on other grounds,* 865 S.W.2d 941 (Tex.1993). We further presume the legislature intended its act to be constitutional. *Schwenke,* 960 S.W.2d at 230; *Lo-Vaca Gathering Co. v. M-K-T R. Co.,* 476 S.W.2d 732, 739 (Tex.Civ.App.—Austin 1972, writ ref'd n.r.e.).

After reviewing all of section 201.011(1)(B), it is clear the word "injury" means a medically verifiable injury and not the injury caused by Rodriguez's discharge from employment.

---

1. Although Rodriguez labeled the document "special exceptions", no specific exceptions were made to any part of the Commission's answer. *See* TEX. R. CIV. P. 91 (requiring exceptions "point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading"). Instead, Rodriguez attempted to point out a conflict in the labor code and generally claimed, for the first time, that he was being unconstitutionally denied unemployment benefits. The Commission treated the special exceptions as additional pleadings and specially ex- cepted because Rodriguez did not specifically assert which constitution, article, or section he was relying on for his claim. In the final judgment, the trial court denied Rodriguez's special exceptions and granted the Commission's special exceptions. This denial is the subject of Rodriguez's fourth issue on appeal and will be discussed herein. We question the effect of the trial court's grant of the Commission's exceptions in the final judgment, but will consider, in the interest of justice, those constitutional claims raised before the trial court.

*See* TEX. LAB.CODE ANN. § 201.011(1)(B). Rodriguez's argument that "injury" is vague and subject to multiple meanings is clearly without merit.

Rodriguez also argues the labor code unconstitutionally permits employers to keep an employee on worker's compensation benefits beyond the twenty-four month period specified in section 201.011(1)(B). First, the record does not reflect that such a situation existed in this case. Doctors' reports dated as late as October 18, 1993, indicate Rodriguez continued to suffer from his work-related injuries. In addition, no worker's compensation documents are before us so that we might consider the legitimacy of Rodriguez's complaints. Finally, in deciding issue one, we construed the labor code to permit Rodriguez to file an unemployment claim regardless of whether he was disqualified from receiving the benefits at the time of filing. Appellant's third issue is overruled.

In his fourth issue, Rodriguez challenges the trial court's denial of his special exceptions to the Commission's answer. We discern no error in the denial. Rodriguez's special exceptions do not comply with the specificity requirements of the rules of civil procedure. *See* TEX.R. CIV. P. 90, 91. As to the claim of improper denial because of the constitutional question raised, we have addressed this question under issue three. Appellant's fourth issue is overruled.

In his fifth issue, Rodriguez contends the trial court violated section 207.007 of the labor code by assessing court costs against the parties incurring the same. Section 207.007(a) of the labor code provides that an individual claiming unemployment benefits may not be charged a fee by the court or an officer of the court. TEX. LAB.CODE ANN. § 207.007(a)(2) (Vernon 1996); *Texas Employment Comm'n v. Tates,* 769 S.W.2d 290, 293 (Tex.App.—Amarillo 1989, no writ).

We hold the trial court erred in assessing court costs against Rodriguez. We sustain appellant's fifth issue.

We REVERSE that part of the trial court's judgment assessing court costs against appellant and RENDER judgment that the costs occasioned by the trial and this appeal are taxed against the Texas Workforce Commission. *See* TEX.R.APP. P. 43.3, 43.4; *Tates,* 769 S.W.2d at 293.

We AFFIRM the remainder of the trial court's judgment.