OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 14, 1999

The Honorable Michael P. Fleming
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

Opinion No. JC-0079

Re: Whether a commissioners court may set a maximum speed limit on certain county roads below 30 miles an hour, and related questions (RQ-0002)

Dear Mr. Fleming:

You have asked this office a series of questions concerning the interpretation of Transportation Code section 545.355, amended in the Seventy-fifth Legislature by House Bill 130. The relevant language permits a commissioners court to "declare a lower speed limit of *not less than 30 miles per hour* on a county road or highway to which this section applies, if the commissioners court determines that the prima facie speed limit on the road or highway is unreasonable or unsafe." TEX. TRANSP. CODE ANN. § 545.355(a) (Vernon 1999) (emphasis added). You ask whether this statute conflicts with Transportation Code section 251.154, which permits the commissioners court to "set a maximum reasonable and prudent speed for a vehicle traveling on any segment of a county road," *id.* § 251.154(a), which speed "may be lower than the maximum speed set by law for a vehicle traveling on a public highway," *id.* § 251.154(c). In light of these two statutes, you further ask what is the minimum speed limit that the court may set. Finally, assuming that there may already have been speed limit signs posted that assert that the speed limit is lower than the minimum that may be imposed by the court, you ask what is to be done with such signs.

You suggest that section 251.154, and in particular section 251.154 (c), is irreconcilable with section 545.355, and in particular with the thirty mile an hour limitation. We believe they can be harmonized, as we are enjoined to do if it is possible. *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex. 1984); *Rodriguez v. Texas Workforce Comm'n*, 986 S.W.2d 781, 783 (Tex. App.–Corpus Christi 1999, writ denied). Section 251.154 permits the court to set a "reasonable and prudent" speed limit. However, a "reasonable and prudent" speed limit is cabined by section 545.352, the "prima facie speed limits" statute, which provides that the speeds listed in it are "prima facie evidence that the speed [in excess of them] is not reasonable and prudent," TEX. TRANSP. CODE ANN. § 545.352(a) (Vernon 1999). Section 545.352(b) then describes certain speeds as "lawful," *id.* § 545.352(b). Accordingly, in setting a reasonable and prudent speed limit commissioners court must generally set a limit within the lawful speed limits described in section 545.352(b).

If a commissioners court wishes to alter a speed limit to something other than a prima facie speed limit, it may generally do so only upon permission from the Transportation Commission based

on "the results of an engineering and traffic investigation." *Id.* § 545.353(a). Section 545.355, added in 1997, now permits a commissioners court to set a lower speed, but not less than thirty miles per hour, without conducting such an investigation. However, the power given to the commissioners court therein is not a power to lower the speed limit as far as the court wishes, but only to a minimum of thirty miles per hour. Read in this way, the statutes in our view form a single, coherent scheme. Accordingly from the effective date of the amendment, June 18, 1997, the commissioners court may not decrease speed limits to less than thirty miles an hour without a traffic and engineering study.

It is the case that at one time the predecessor statute to section 251.154 provided that a court could set a lower limit "upon the basis of an engineering and traffic investigation," and that in 1971, the Sixty-second Legislature deleted that language. *See* Act of May 19, 1971, 62d Leg., R.S., ch. 318, sec. 2, 1971 Tex. Gen. Laws 1260, 1260-61. However, the deletion of this language from section 251.154 does not suggest that an engineering and traffic investigation was no longer required. As you note, that language was part of the statutory predecessor to article 545.355, namely section 169 of the Uniform Act Regulating Traffic on Highways, article 6701d. Section 169 provided that a commissioners court had, with respect to county roads and highways, authority "to alter maximum prima facie speed limits upon the basis of an engineering and traffic investigation . . . ." TEX. REV. CIV. STAT. ANN. (Vernon 1977). In our view, the absence of such language in the statutory predecessor to section 251.154 suggests no more than that such language was surplusage in light of the explicit requirement laid out in section 169 of the Uniform Act, now section 545.355.

Moreover such a reading of section 251.154 would render the amendment of section 545.355 establishing the thirty miles per hour limit a nullity. If a commissioners court could lower a speed limit to any limit under section 251.154 without having to perform the requisite engineering and traffic investigation, then the court could simply avoid the thirty miles an hour limitation by a purported reliance on section 251.154. As a general matter, when forced to choose between an interpretation of a statute which will nullify it and one which will make it effective, our task is to construe it so that it will be effective. *See State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997) (en banc) (courts presume that each word, phrase, clause, and sentence should be given effect if reasonably possible); TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998) (presumption that "entire statute is intended to be effective").

Even assuming *arguendo*, however, that the two statutes were irreconcilable, the practical result would be unchanged. If section 251.154(c)'s provision that a commissioners court may set a speed limit "lower than the maximum speed set by law for a vehicle travelling on a public highway" were indeed fatally irreconcilable with section 545.355(a)'s provision that the court could "declare a lower speed limit of not less than 30 miles an hour," then section 545.355, enacted by the Seventy-fifth Legislature, and therefore later in time, would prevail. *See id.* § 311.025 (in event of irreconcilability, latest enacted statute prevails). Either interpretation therefore leads to the same conclusion: absent a traffic investigation demonstrating the necessity of a lower rate, a commissioners court may not lower the speed limit on a county road below thirty miles an hour.

You note that certain speed limits may have been set before the effective date of House Bill 130 at twenty miles an hour on the authority of section 251.154 of the Transportation Code or its statutory predecessor. Statutes such as section 545.355 are generally to be read prospectively. *See id.* § 311.022. In addition, section 545.355 by its terms applies to the modification of speed limits. Thus, assuming that the particular speed limits were set in accordance with applicable law, such existing speed limits would remain in full force and effect.

You ask finally what the court is to do with signs which, by giving notice of illegally low speed limits, may have been erected in error. If a commissioners court cannot set a speed limit of less than thirty miles an hour on a road, it follows that it cannot post, or cause to remain posted, markers asserting that such is the speed limit. Pursuant to section 544.002 of the Transportation Code, the Department of Transportation, or a local authority having the department's permission, may place and maintain traffic control devices on highways under the department's jurisdiction. We suggest, therefore, that the county may wish to consult the department with regard to the disposition of improper signs.

## S U M M A R Y

Pursuant to section 545.355 of the Transportation Code, a commissioners court may lower the speed limit on a county road or highway, but not to less than thirty miles an hour absent an engineering and traffic investigation.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by James E. Tourtelott
Assistant Attorney General