

NUMBER 13-08-00200-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| VALLEY BAPTIST MEDICAL CENTER, | Appellant, |
| v. | |
| NOE MORALES, JR., AS ADMINISTRATOR OF THE ESTATE OF PAULINA MORALES, DECEASED, | Appellee. |

On appeal from the 404th District Court
of Cameron County, Texas.

# O P I N I O N

**Before Justices Rodriguez, Garza, and Vela**
**Opinion by Justice Rodriguez**

This is a statutory construction case. In a mandamus proceeding, the district court

ordered appellant, Valley Baptist Medical Center (VBMC), to produce the medical records

of Paulina Morales to appellee, Noe Morales, Jr. (Morales), as administrator of the estate

of Paulina Morales, deceased, without charge.  By a single issue, VBMC contends that the trial court erred in ordering production of the records without charge because, although Morales is entitled to a copy of Ms. Morales's medical records pursuant to section 74.051(d) of the Texas Civil Practices and Remedies Code, VBMC may charge a reasonable fee for providing the information under section 241.154 of the Texas Health and Safety Code.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(d) (Vernon 2005); TEX. HEALTH & SAFETY CODE ANN. § 241.154 (Vernon 2001).  We reverse and render.

## I.  Background

Morales provided VBMC with a written request and proper authorization for copies of Ms. Morales's medical records.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.051(d), 74.052 (Vernon 2005).  Upon receipt of the notice, VBMC advised Morales that the fee for the records would be $1,143.00.  *See* TEX. HEALTH & SAFETY CODE ANN. § 241.154. Challenging the fee request, Morales filed a petition seeking a mandamus order that VBMC produce copies of the records without charge.  VBMC answered contending that it was entitled to be compensated for providing a copy of the medical records.  Following a hearing on Morales's petition, the district court entered judgment that VBMC provide Morales with a free copy of Ms. Morales's medical records.  VBMC appeals from that judgment.[1]

## II.  Applicable Law and Standard of Review

Section 74.051(d) of the civil practices and remedies code states that

---

[1]VBMC filed a motion to fix supersedeas.  The trial court heard the motion, at which time the parties agreed that Morales would place $1,143.00, representing a reasonable fee for production of the records, *see infra* n.3, in trust for VBMC pending the outcome of this appeal and that VBMC would produce the records to Morales.

2

> [a]ll parties shall be entitled to obtain complete and unaltered copies of the patient's medical records from any other party within 45 days from the date of receipt of a written request for such records; provided, however, that the receipt of the medical authorization in the form required by Section 74.052 executed by the claimant herein shall be considered compliance by the claimant with this subsection.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(d). Section 241.154 of the health and safety code provides the following, in relevant part:

> (a) On receipt of a written authorization from a patient or legally authorized representative to examine or copy all or part of the patient's recorded health care information, . . . a hospital or its agent, as promptly as required under the circumstances but not later than the 15th day after the date the request and payment authorized under Subsection (b) are received, shall:
>
> (1) make the information available for examination during regular business hours and provide a copy to the requestor, if requested; or
>
> (2) inform the authorized requestor if the information does not exist or cannot be found.
>
> (b) Except as provided by Subsection (d), the hospital or its agent may charge a reasonable fee for providing the health care information and is not required to permit the examination, copying, or release of the information requested until the fee is paid unless there is a medical emergency.[2]
>
> &ast; &ast; &ast; &ast;
>
> (d) A hospital may not charge a fee for:
>
> (1) providing health care information under Subsection (b) to the extent the fee is prohibited under Subchapter M, Chapter 161;
>
> (2) a patient to examine the patient's own health care information;
>
> (3) providing an itemized statement of billed services to a patient or third-party payor, except as provided under Section 311.002(f); or

---

[2]The formula for determining a reasonable fee is set out in section 241.154(b)(1). *See* TEX. HEALTH & SAFETY CODE ANN. § 241.154(b)(1) (Vernon 2001).

3

(4) health care information relating to treatment or hospitalization for which workers' compensation benefits are being sought, except to the extent permitted under Chapter 408, Labor Code.

TEX. HEALTH & SAFETY CODE ANN. § 241.154.

Statutory construction is a question of law, which appellate courts review de novo, giving no deference to the trial court's interpretation. *See F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007). Our goal is to ascertain and give effect to the Legislature's intent by examining the statute's plain language. *City of Desoto v. White*, No. 07-1031, 2009 Tex. LEXIS 395, at *12 (Tex. June 19, 2009) (citing *Duenez*, 237 S.W.3d at 683); *Rodriguez v. Tex. Workforce Comm'n*, 986 S.W.2d 781, 783 (Tex. App.–Corpus Christi 1999, pet. denied). "Therefore, our practice when construing a statute is to recognize that 'the words [the Legislature] chooses should be the surest guide to legislative intent.'" *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (citing *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999)). "Where possible, courts are to construe language used in statutes so as to harmonize all relevant laws, not create conflict." *Rodriguez*, 986 S.W.2d at 783. "Only when those words are ambiguous do we 'resort to rules of construction or extrinsic aids.'" *Summers*, 282 S.W.3d at 437 (citing *In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007)); *Rodriguez*, 986 S.W.2d at 783.

## III. Discussion

By a single issue, VBMC contends that section 241.154(b) of the Texas Health and Safety Code and section 74.051(d) of the Texas Civil Practice and Remedies Code are not in conflict. It asserts that to hold otherwise would be to disregard section 241.154(b) when

it would be possible to give effect to both the entitlement to records in section 74.051(d) and to the fee schedule for those records in section 241.154(b). VBMC urges that these statutes should be harmonized and construed to allow Morales a copy of the records, but to also require him to pay the reasonable statutory fee. In response, Morales asserts that, by its terms, section 241.154 is not specifically applicable to requests for records made pursuant to section 74.051(d). He argues that the unqualified entitlement to the records as set out in that section conflicts with the language of the hospital's requirement to withhold records pending payment of copy charges contained in section 241.154.

A plain reading of section 74.051(d) of the civil practice and remedies code provides that "[a]ll parties shall be entitled to obtain complete and unaltered copies of the patient's medical records from any other party" when a proper medical authorization is provided. TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(d). "Entitle" is defined as "[t]o grant a legal right to or qualify for." BLACK'S LAW DICTIONARY 612 (9th ed. 2009).

A plain reading of section 241.154(b) of the health and safety code indicates that a "hospital or its agent may charge a reasonable fee" for providing "health care information" upon "receipt of a written authorization from a . . . legally authorized representative" and that the hospital "is not required to permit the examination, copying, or release of the information requested until the fee is paid." TEX. HEALTH & SAFETY CODE ANN. § 241.154. The statute sets out a fee schedule that is considered "reasonable" and authorizes annual adjustments to that fee schedule based on the consumer price index.[3]

---

[3]It is undisputed that the fee for Ms. Morales's records, as calculated under the fee schedule in effect at that time, was $1,143.00.

5

*Id.* § 241.154(b)(1), (e). Section 241.154 also identifies four specific instances when a hospital may not charge a fee. *See id.* § 241.154(d).

In examining these statutes, we note that section 74.051(d) of the civil practices and remedies code provides only that Morales is entitled to copies of medical records. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(d). Morales, a party who has provided a proper medical authorization as required by 74.052 and who is therefore in compliance with section 74.051(d), is entitled to—that is, he has a legal right to—receive copies of Ms. Morales's medical records. However, section 74.051(d) does not say that Morales is entitled to, or has a legal right to, *free* medical records. Indeed, section 74.051(d) is silent as to whether a fee is to be paid by Morales for the requested copies. It is also silent as to whether the fee, if any, is to be paid prior to receipt of the requested copies.

Section 241.154(b) of the health and safety code does, however, provide that a reasonable fee may be charged by a hospital for providing copies of medical records to a legally authorized representative who has provided the hospital with written authorization. *See* TEX. HEALTH & SAFETY CODE ANN. § 241.154(b). The language is clearly discretionary, providing that the hospital may, should it choose to do so, charge a reasonable fee and receive that fee before providing the requested records. *See id.* In addition, the Legislature set out only four exceptions to this discretionary charge. *See id.* § 241.154(d). None of the specific instances apply to a claimant who is asserting a health care liability claim against a hospital from which the representative is requesting records. *See id.*

Had the Legislature intended to require health care defendants to provide a copy of a patient's medical records free of charge, it could have done so. *See, e.g.,* TEX. BUS.

6

& COM. CODE ANN. § 4.406(b) (Vernon 2002) ("A bank shall provide, on request and *without charge* to the customer, at least two items or a legible copy of the items with respect to each statement of account sent to the customer.") (emphasis added); *id.* § 9.616(e) (Vernon 2002) ("A debtor or consumer obligor is entitled *without charge* to one response to a request under this section during any six-month period in which the secured party did not send the debtor or consumer obligor an explanation pursuant to Subsection (b)(1).") (emphasis added); TEX. EDUC. CODE ANN. § 54.641(a) (Vernon 2006) ("Not later than January 1 of each year, the board shall furnish *without charge* to each purchaser a statement. . . .") (emphasis added).  It chose not to include the words "without charge" in section 241.154(d).  *See* TEX. HEALTH & SAFETY CODE ANN. § 241.154(d).  The Legislature also could have added a claimant, such as Morales, to the list of exceptions set out in section 241.154(d), but did not do so.  *See id.*

After examining the plain language of each statute and focusing on the words the Legislature chose to use, we conclude that the statutes are not in conflict and can be harmonized.  *See White*, 2009 Tex. LEXIS 395, at *12; *Summers*, 282 S.W.3d at 437; *Rodriguez*, 986 S.W.2d at 783.  Thus, harmonizing the statutes, Morales is entitled to Ms. Morales's medical records pursuant to section 74.051(d), and he may also be required to pay the fees provided for in section 241.154(b) if requested to do so by the hospital.  *See Rodriguez*, 986 S.W.2d at 783.

Having found the statutes can be harmonized, we need not address Morales's remaining arguments, which are premised upon a finding that the statutes conflict.  *See* TEX. R. APP. P. 47.1.  Accordingly, we sustain VBMC's sole issue.

7

## IV.  Conclusion

We reverse the trial court's writ entered on March 27, 2008, and we render judgment that Morales obtain a complete and unaltered copy of Ms. Morales's medical records from VBMC and that Morales pay to VBMC the requested fee of $1,143.00 for providing the health care information.


                                        NELDA V. RODRIGUEZ
                                        Justice

Opinion delivered and filed this
28th day of August, 2009.