# NO. 12-24-00076-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: DWIGHT CALLIER AND* | § | |
| *FRAN CALLIER,* | § | *ORIGINAL PROCEEDING* |
| *RELATORS* | § | |

## *MEMORANDUM OPINION*

Relators, Dwight Callier and Fran Callier, filed this original proceeding, in which they challenge Respondent's (1) order of possession and (2) orders denying their emergency motion to reduce the supersedeas bond and to stay issuance of the writ of possession without conducting a hearing.[1]  We deny the writ.

## BACKGROUND

The underlying action is an eviction proceeding filed by Real Party in Interest, New Door Properties, LLC (New Door), pertaining to residential property occupied by Relators.  After Relators defaulted on a home equity loan, New Door purchased the property from Relators' lender's successor at a foreclosure sale on November 7, 2023.[2]  The substitute trustee's deed recites that Relators' original mortgagee was Dallas Home Loans, Inc., and the mortgagee at the time of the foreclosure sale was Nationstar Mortgage LLC D/B/A Mr. Cooper (Nationstar).  The substitute trustee's deed reflects that New Door paid Nationstar $176,201 for the premises.

---

[1] Respondent is the Honorable Jason A. Ellis, Judge of the County Court at Law in Smith County, Texas.

[2] The Judge of the 7th District Court of Smith County, Texas, signed an order allowing a foreclosure sale.

New Door filed a forcible detainer action in the Justice Court, and the Justice Court concluded that New Door is entitled to possession of the premises and signed a judgment in favor of New Door. Relators appealed to the County Court at Law.[3] On March 21, 2024, Respondent signed an order of possession, which ordered Relators to surrender possession of the premises within seven days of the date of the order and directed the Smith County Clerk to issue a writ of possession if Relators did not timely deliver possession. Respondent also set an appeal bond in the amount of $7,500.

On March 28, Relators filed an emergency motion with Respondent to reduce the supersedeas bond and to stay issuance of the writ of possession, contending that the bond violates Rule 24.2(b) of the Texas Rules of Appellate Procedure. Relators asserted that they (1) lack sufficient assets to qualify for a bond, (2) have no sources other than their income to secure funds to obtain the bond, (3) cannot secure financing to borrow the funds to post bond, and (4) lack sufficient assets to sell to obtain the bond. New Door filed a response to Relators' motion, asserting that the supersedeas bond was proper, complied with Rule 24.2 and Section 24.007 of the Texas Property Code, and that Respondent did not abuse his discretion. On April 1 and 2, Respondent signed orders denying Relators' emergency motion. Relators filed this original proceeding and a motion for temporary relief pending disposition of their mandamus petition.[4] We granted the motion for temporary relief.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator lacks an adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator bears the burden of establishing both prerequisites to mandamus. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding). A trial court abuses its discretion if it acts arbitrarily or unreasonably and reaches a decision so arbitrary and unreasonable as to amount to a

---

[3] *See* TEX. R. CIV. P. 510.10(c).

[4] On April 19, 2024, Relators filed a notice of appeal, which states that they are appealing the order of possession. Said direct appeal remains pending before this Court as Appeal No. 12-24-00092-CV, styled "*Dwight Callier and Fran Callier, Appellants v. New Door Properties, LLC, Appellee.*"

clear and prejudicial error of law. ***Walker v. Packer***, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); ***In re A.B.P.***, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). A trial court has no discretion in determining what the law is or applying the law to the facts. ***In re Prudential Ins. Co. of Am.***, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). Although we will not substitute our judgment for that of the trial court, we must consider whether the trial court acted without reference to guiding rules and principles. ***In re M-I L.L.C.***, 505 S.W.3d 569, 574 (Tex. 2016) (orig. proceeding).

## ANALYSIS

"A forcible entry and detainer action is an eviction procedure to determine the right to immediate possession of real property." ***Alanis v. Wells Fargo Bank Nat'l Ass'n***, 616 S.W.3d 1, 6 (Tex. App.—San Antonio 2020, pet. denied). The sole issue in an action for forcible detainer is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); ***Marshall v. Hous. Auth. of City of San Antonio***, 198 S.W.3d 782, 785 (Tex. 2006). Forcible detainer is a special proceeding governed by the Texas Property Code and the Texas Rules of Civil Procedure, and it was created to provide a speedy, simple, summary procedure for resolving the question of the right to possession of premises. ***Alanis***, 616 S.W.3d at 8; ***Brown v. Kula-Amos, Inc.***, No. 02-04-00032-CV, 2005 WL 675563, at *2 (Tex. App.—Fort Worth Mar. 24, 2005, no pet.) (mem. op.); ***Rice v. Pinney***, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).

Texas Rule of Appellate Procedure 24.1 permits a judgment debtor to supersede a judgment pending appeal by, among other things, filing with the trial court a "good and sufficient bond" in an amount required by Texas Rule of Appellate Procedure 24.2. TEX. R. APP. P. 24.1, 24.2(2). If a supersedeas bond in the amount set by the trial court is not filed, the judgment may be enforced, and a writ of possession may be executed. ***Marshall***, 198 S.W.3d at 786; *see also* TEX. PROP. CODE ANN. § 24.007 (West 2023). Failure to supersede the judgment does not deprive a party of the right to appeal, but such a failure may render an appeal moot if a party loses possession of the property. ***Marshall***, 198 S.W.3d at 786-87; ***William v. Fed. Nat'l Mortg. Ass'n,*** 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Indigence does not relieve a party of the obligation to file a supersedeas bond; however, the court must lower the amount of security required to supersede the judgment to "an amount that will not cause the judgment debtor substantial economic harm if, after notice to all parties and a hearing, the court finds that posting

3

a bond, deposit, or security in the amount required . . . is likely to cause the judgment debtor substantial economic harm." TEX. R. APP. P. 24.2(b); TEX. PROP. CODE ANN. § 24.007; ***Brigandi v. Am. Mort. Inv. Partners Fund I Trust***, No. 02-16-00444-CV, 2017 WL 1428726, at \*3 (Tex. App.—Fort Worth Apr. 20, 2017, pet. dism'd) (mem. op.); ***Johnson v. Freo Tex. LLC***, No. 01-15-00398-CV, 2016 WL 2745265, at \*2 (Tex. App.—Houston [1st Dist.] May 10, 2016, no pet.) (mem. op.).

Relators contend that (1) Respondent's order of possession failed to comply with Texas Rule of Civil Procedure 510.13 and (2) Respondent "ignored" appellate Rule 24.2(b) and abused his discretion by denying their emergency motion without a hearing. Both Texas Rule of Civil Procedure 510.13 and Section 24.007 of the Texas Property Code "halt the execution of a writ of possession and the enforcement of a judgment on appeal if a supersedeas bond is timely filed." *Alanis*, 616 S.W.3d 11. Rule 510.13 provides as follows:

> The writ of possession, or execution, or both, will be issued by the clerk of the county court according to the judgment rendered, and the same will be executed by the sheriff or constable, as in other cases. The judgment of the county court may not be stayed unless within 10 days from the judgment the appellant files a supersedeas bond in an amount set by the county court pursuant to Section 24.007 of the Texas Property Code.

TEX. R. CIV. P. 510.13. Section 24.007 states as follows, in pertinent part:

> A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond, the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay pending appeal, and other damages or amounts as the court may deem appropriate.

TEX. PROP. CODE ANN. § 24.007.

Relators assert that Respondent abused his discretion by directing the county clerk to issue a writ of possession if they fail to vacate the premises within seven days of the order. Specifically, Relators maintain that Respondent contravened Rule 510.13 because the possession order shortened Relators' time to file a supersedeas bond. Relators further contend that Respondent abused his discretion by failing to consider the proper factors in determining whether the amount of the supersedeas bond would cause them substantial economic harm. Relators cite no case law or other authority supporting their contention that Respondent shortened their deadline for filing a supersedeas bond; rather, they simply quote Rule 510.13 and state that the order of possession

"constitutes a clear abuse of discretion" because it "violates Rule 510.13's unambiguous language."

Both Rule 510.13 and Section 24.007 provide that a county court's judgment may be stayed by filing a supersedeas bond within ten days of the signing of the judgment; however, neither of these provisions addresses nor ensures any right to remain on the premises. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13. Furthermore, Section 24.0061 of the Texas Property Code provides that "[a] writ of possession may not be issued before the sixth day after the date on which the judgment for possession is rendered unless a possession bond has been filed and approved under the Texas Rules of Civil Procedure and judgment for possession is thereafter granted by default." TEX. PROP. CODE ANN. § 24.0061(b) (West 2023).

Relators' argument that Rule 510.13 and Section 24.007 ensure that they can remain in possession of the property for ten days after the order of possession because they could supersede the judgment within that time period is inconsistent with Section 24.0061. Because Respondent could have directed the County Clerk to issue a writ of possession as early as six days after the order of possession pursuant to Section 24.0061(b), we cannot conclude that Respondent abused his discretion by ordering the County Clerk to do so seven days after he signed the order of possession. *See id*.; *see also* TEX. R. CIV. P. 510.13; TEX. PROP. CODE ANN. § 24.007. Respondent was required, as is this Court, to give Sections 24.0061(b) and 24.007 their plain meaning, to construe them together, and to interpret them in such a way as to give meaning to both if possible. *Harris Cty. Appraisal Dist. v. Tex. Workforce Comm'n*, 519 S.W.3d 113, 122 (Tex. 2017) (quoting *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 716 (Tex. 2015)) (holding that if two statutes seem to be in conflict, "'we will construe the different provisions in a way that harmonizes rather than conflicts.'"); *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) (holding that if statute is unambiguous, courts adopt interpretation supported by its plain language unless doing so would lead to absurd results, and courts consider statutes as a whole rather than their isolated provisions); *Rodriguez v. Tex. Workforce Comm'n*, 986 S.W.2d 781, 783 (Tex. App.—Corpus Christi 1999, pet. denied) (holding that "[w]here possible, courts are to construe language used in statutes so as to harmonize all relevant laws, not create conflict."). Considering the plain language of Sections 24.0061(b) and 24.007, construing them together, and taking into account the relevant case law discussed above, we conclude that although Section 24.007 provides that a party may supersede an order or judgment by filing a bond within ten days

of the date the order or judgment was signed, tenants at sufferance may be ordered to vacate the property via a writ of possession as early as six days after the signing of the order or judgment.[5] *See* TEX. PROP. CODE ANN. §§ 24.0061(b), 24.007; ***Harris Cty. Appraisal Dist.***, 519 S.W.3d at 122; ***Combs***, 340 S.W.3d at 439; ***Rodriguez***, 986 S.W.2d at 783.

We note that in an eviction case, the Fourteenth Court of Appeals characterized the ten-day time period in Section 24.007 as a "statutory deadline" and concluded that the Respondent abused her discretion when she required the relator "to vacate the residential premises before the statutory deadline, without setting the amount of the supersedeas bond[.]" ***In re Smitherman***, 533 S.W.3d 907, 909 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). As discussed above, in the instant case, Respondent set the amount of the supersedeas bond at $7,500 and directed the County Clerk to issue a writ of possession if Relators failed to surrender possession within seven days of the order of possession. To the extent that ***Smitherman*** held that Respondent abused her discretion by requiring Relators to vacate the premises before the expiration of the ten-day period provided by Section 24.007 of the Texas Property Code, we conclude that ***Smitherman*** is (1) limited to its facts, which include the Respondent's failure to set a bond at all, (2) does not discuss Section 24.0061, and (3) does not harmonize Section 24.007 with Section 24.0061. *See id.*; ***Harris Cty. Appraisal Dist.***, 519 S.W.3d at 122; ***Rodriguez***, 986 S.W.2d at 783; *see also* TEX. PROP. CODE ANN. §§ 24.0061(b), 24.007. Accordingly, we will not follow our sister court's decision in ***Smitherman***.

For all of the above reasons, we conclude that Sections 24.0061 and 24.007, as well as Rule 510.13, allow Relators ten days to file a supersedeas bond, but they do not ensure that Relators may remain in possession of the premises as tenants at sufferance for the full ten-day period within which they could supersede the judgment. *See* TEX. R. CIV. P. 510.13; TEX. PROP. CODE ANN. §§ 24.0061(b), 24.007; ***ICM Mortg. Corp. v. Jacob***, 902 S.W.2d 527, 530 (Tex. App.—El Paso 1994, writ denied)(defining "tenant at sufferance"). Accordingly, Relators fail to demonstrate that

---

[5] To prevail in a forcible detainer action, as New Door did in the instant case, a plaintiff must show that (1) it owns the premises, (2) the defendant is a tenant at sufferance or at will, (3) the plaintiff made a written demand for possession, (4) the plaintiff gave the defendant notice to vacate the premises, and (5) the defendant refused to vacate the premises. ***Alanis v. Wells Fargo Bank Nat'l Ass'n***, 616 S.W.3d 1, 6 (Tex. App.—San Antonio 2020, pet. denied). Because it is undisputed that New Door purchased the premises at the foreclosure sale, yet Relators continue to occupy the premises, Relators are tenants at sufferance of New Door. *See* ***ICM Mortg. Corp. v. Jacob***, 902 S.W.2d 527, 530 (Tex. App.—El Paso 1994, writ denied) (holding that tenant at sufferance "is one who wrongfully continues in possession of property after his right of possession has ceased and does not assert a claim to superior title.").

Respondent abused his discretion by ordering the County Clerk to issue a writ of possession seven days after he signed the order of possession.

We turn now to Relators' argument that Respondent abused his discretion when he (1) failed to hold a hearing on their emergency motion and (2) declined to reduce the supersedeas bond despite Relators' statement of their income and expenses and their contention that the $7,500 bond will cause them substantial economic harm. Unless required by the context of the particular statute or rule at issue, the term "hearing" does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court. *Cire v. Cummings*, 134 S.W.3d 835, 844 (Tex. 2004); *Rorie v. Goodwin*, 171 S.W.3d 579, 583 (Tex. App.—Tyler 2005, no pet.); *Nonmacher v. Ritter*, No. 14-02-00162-CV, 2003 WL 1738411, at *5 (Tex. App.—Houston [14th Dist.] Apr. 2003, pet. denied) (mem. op.). "As a general rule, an adjudication based on written materials alone is sufficient." *Jackson v. Reardon*, 14 S.W.3d 816, 819 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (concluding that trial court conducted "hearing" as required by statute when it decided matter based on written materials alone).

As support for their argument, Relators cite to the concurring opinion in *Reyes v. Credit Based Asset Servicing and Securitization*, 190 S.W.3d 736 (Tex. App.—San Antonio 2005, no pet.). In her concurring opinion in *Reyes*, Justice Duncan concluded that to determine the proper amount of security when a trial court renders a judgment for recovery of real property, the trial court must hear evidence of "the value of the property interest's rent or revenue." *Id*. at 740-41 (Duncan, J., concurring). We have no quarrel with this proposition; however, Relators' argument fails to acknowledge the aforementioned evidence that was before Respondent in written form. Relators fail to demonstrate that Respondent abused his discretion by ruling on their emergency motion without holding a "hearing." *See Cire*, 134 S.W.3d at 844; *Rorie*, 171 S.W.3d at 583; *Nonmacher*, 2003 WL 1738411, at *5; *Jackson*, 14 S.W.3d at 819.

We turn now to Respondent's denial of Relators' emergency motion to reduce the amount of the supersedeas bond. When, as here, a judgment is for the recovery of an interest in real property, the trial court will determine the type of security that the judgment debtor must post. TEX. R. APP. P. 24.2(a)(2). A trial judge generally possesses broad discretion in determining the amount and type of security required to suspend enforcement of a judgment pending appeal. *Hibernia Energy III, LLC v. Ferae Naturae, LLC*, 668 S.W.3d 771, 774 (Tex. App.—El Paso 2022, no pet.). In determining whether a trial court abused its discretion, we consider whether the

trial court had sufficient information on which to exercise its discretion and whether the trial court erred in the application of its discretion. *Id*.

The amount of security must be at least the value of the real property interest's rent or revenue. TEX. R. APP. P. 24.2(a)(2)(A). In setting the amount of the supersedeas bond, the county court must provide protection for the appellee and must consider the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts that the court may deem appropriate. TEX. PROP. CODE ANN. § 24.007. Respondent was required to lower the amount of security to an amount that will not cause Relators substantial economic harm if he found, after notice to all parties and a hearing, that the required amount of security is likely to cause Relators substantial economic harm. *See* TEX. R. APP. P. 24.2(b).

The appendices filed by Relators and New Door show that the declaration of Relator Fran Callier (Fran) was before the County Court at Law, as were "Zestimates" from Zillow.com, which estimated the resale value of the premises at $243,400 and estimated its rental value at $1,416 per month, as well the substitute trustee's deed, which reflects that New Door paid $176,201 for the property at the foreclosure sale. In her declaration, Fran stated that (1) her net monthly income is $10,877; (2) her husband Dwight is unemployed, "but will be getting $577 per week beginning in April[;]" and (3) Relators "do not have any other source of income." Fran declared that Relators' monthly expenses, which total $6,080, consist of electricity, water, gas, food, telephone, internet, cable, a car payment on a 2017 Mercedes, a car payment on a 2022 Nissan, gasoline, car insurance, and health insurance, as well as attorney's fees in the amount of $2,500 per month. Additionally, Fran declared that Relators cannot post a $7,500 bond, cannot obtain loans of corporate bonds because the foreclosure appears on their credit reports, and "do not own any real property." Fran's declaration further stated that Relators could make $1,500 "monthly bond payments without being subjected to substantial economic harm."

Considering the information that was before Respondent regarding the estimated market value of the property and its estimated rental value, as well as Relators' financial situation, we conclude that Relators failed to establish that Respondent abused its discretion by setting the amount of the supersedeas bond at $7,500 and overruling Relators' emergency motion to reduce the bond and to stay the proceeding. *See **Hibernia Energy***, 668 S.W.3d at 774. We conclude that Respondent possessed sufficient information upon which to exercise his discretion and did not err in the application of his discretion. *See **id***. Based upon Fran's declaration regarding Relators'

income, expenses, and personal property, as well as the evidence of the resale value and rental value of the premises, Respondent could reasonably conclude that a supersedeas bond in the amount of $7,500 would not subject Relators to substantial economic harm and was necessary to protect New Door. *See id.*; *see also* TEX. PROP. CODE ANN. § 24.007. Because Relators fail to establish that Respondent abused his discretion, they therefore fail to show themselves entitled to mandamus relief. *See **In re M-I L.L.C.***, 505 S.W.3d at 574; ***In re Cerberus***, 164 S.W.3d at 382; ***Walker***, 827 S.W.2d at 839; ***In re Fitzgerald***, 429 S.W.3d at 891.

## DISPOSITION

Having concluded that Relators have not demonstrated entitlement to mandamus relief, we ***deny*** the petition for writ of mandamus. We ***lift*** our stay of April 5, 2024.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 15, 2024
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 15, 2024**

**NO. 12-24-00076-CV**

**DWIGHT CALLIER AND FRAN CALLIER**,
Relators

V.

**HON. JUDGE JASON A. ELLIS**,
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Dwight Callier and Fran Callier, who are the relators in appellate cause number 12-24-00076-CV and the appellants/defendants in trial court cause number 76481, pending on the docket of the County Court at Law of Smith County, Texas. Said petition for writ of mandamus having been filed herein on April 4, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley,*